B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Gary Olyn Armstrong | Internal Revenue Service, et al. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| 8205 Santa Monica Blvd 1-412 Los Angeles (90046) California | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Failure of due process, seizure of property without warrant, perjury of oath of office, 18 USC 241, 18 USC 242, 5 USC 706, Violation of Amendment V, etc., etc.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☑ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☑ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

RECEIVED JUN 15 2011 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY_____ Deputy Clerk

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
Punitive, exemplary, costs, attorneys fees, restitution, injunctive, declaratory.

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Gary Olyn Armstrong | BANKRUPTCY CASE NO. 2:11-bk-35606 | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Gary Olyn Armstrong | DEFENDANT<br>INTERNAL REVENUE SERVICE | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Gary Olyn Armstrong* | | |
| DATE<br>*June 15, 2011* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Plaintiff: gary olyn armstrong | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



UNITED STATES BANKRUPTCY COURT
Central District of California
255 East Temple Street Room 940
Los Angeles (90012) California

Gary Olyn Armstrong one of We the People, his heir(s), assign(s) and beneficiary(ies) as

                       Plaintiff(s),

vs.

Internal Revenue Service, its principal(s), his/her/their heir(s), successor(s), assign(s) and beneficiary(ies).

Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s).

Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s).

State of California Franchise Tax Board;

DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies).

ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies).

Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government,

                       Defendants.

---

Adversary Proceeding
Voluntary Petition
Chapter  7
Trial by Jury
Plaintiff's Social Security No.: 4622.

No.:_____

VERIFIED COMPLAINT

Common counts:

Fraud;
Breach of Contract;
Perjury of Oath of Office;
Stealing;

Statutory counts:

Failure to adhere to the rules regulations and procedures in the assessment and collection of taxes;

Wrongful collection(s) in conjunction with violating :

18  U.S.C. § 241  and/or
18  U.S.C. § 242
 5  U.S.C. § 706;
Statute of frauds;
Statute of limitations;

Judicial Review of Evidence after Discovery;

Discovery of unnamed, misnamed persons or persons who use fictitious names.

Recovery of wrongful collections, treble damages, exemplary damages, punitive damages

Injunctive relief relative to past, current and future allegations of tax liabilities.

---

//
//
//
//
//

# I.  INTRODUCTION,  JURISDICTION  &  VENUE.

1.1 COMES NOW, the above named plaintiff, in this verified adversary complaint, seeking relief from the arbitrary, capricious and erroneous accusations, in the ascertainment, computation, assessment(s) and collections claimed by Internal Revenue Service, its employees and State of California Franchise Tax Board, its employees for claimed state income tax liabilities which constitute plain violations of Amendment V of U.S. Constitution.  When tangential matters such as liens and levies, requests for injunctive relief, challenges to venue, are stripped away from view, what exists is the Plaintiff and his two experts who disagree with the "determinations" made by Defendants. All references to federal statutes shall be deemed references to Title 26 United States Code provisions unless specifically indicated to be otherwise. *Any emphasis* employed herein may be construed to have been added.

1.2 Plaintiff is not a tax protestor.

1.3 This action arises pursuant violations of Amendment V of the U.S. Constitution which prohibits exactions of tax liabilities when done outside the limits of due process.

1.4 This plaintiff has requested and made numerous demands since the year 2000 from the Internal Revenue Service, and State of California Franchise Tax Board, and I have asked that they explain to me what law makes me liable for the proposed tax, the character of the tax, and made numerous requests for Collection Due Process hearings for the periods 1991 to date for all alleged taxes owed, but as of this date, no one from the above agencies have responded.

1.5 By law the defendants have not given plaintiff due process as required pursuant Title 26 (§6320 & §6330).

1.6 Defendants are in violation of due process, have not given him any proper assessment for the tax periods set forth in the requests for due process hearings (11/2010, 12/2010, 1/2011, etc., etc.) for money unlawfully taken, or taken under color of authority.

1.7 This plaintiff requests this if the defendants answer this complaint and furnishes the proof of claim prior to the last date and time allowed to answer, plaintiff asks this court to review all associated tax claims from the year 1991 forward, as required pursuant 5 U.S.C. 706, since the agency has arbitrarily, capriciously, abused their discretion, acts done that are otherwise not in accordance with law, contrary to constitutional right, power, privilege, or immunity; and, since the agency was in excess of statutory jurisdiction, authority or limitations, it has failed to observe procedure as required by law, and such actions as issuing notices of lien or levy, which are unsupported by substantial evidence; and, that show that such acts were unwarranted by the facts; wherefore, these matters are subject to trial de novo by this reviewing court.

1.8  26 U.S.C. § 7433 authorizes the commencement of a suit for damages for disregard for "**any provision of this title**"; **and, 26 U.S.C. §7214 specifically provides that when an agent of the United States** who demands greater or other sums than are allowed by law shall be discharged from employment. Acts complained of include those committed by the defendants in San Juan Puerto Rico, Washington D.C. and/or Washington City, Los Angeles (county), Fresno (county), San Diego (county) California, Ogden Utah, and State of California. This Court has jurisdiction and venue is proper.

1.9  Plaintiff charges that, from this statutory framework, it is easy to surmise that a suit for damages is removed from a suit to restrain the assessment or collection of taxes, *and for stronger reasons (a fortiori)*, 26 U.S.C. §7421 is inapplicable.

1.10  The Defendants are in total disregard for, and in violation of  26 U.S.C. §83(a), §162, §183 §212, §871, §6201(a), §6211, §6212, §6213, §7214 and §7401, §7403, including  26 C.F.R. 601.106(f)(1). Through such conduct the Defendants have damaged the Plaintiff in his property, his privacy, and his right to happiness and against forced association, in violation of Amendments I, IV, V to the U.S. Constitution.

## II. PARTIES &  RELEVANT FACTS

2.1  Gary Olyn Armstrong ("Plaintiff or Armstrong")  takes up housekeeping in Los Angeles county california, and his mailing address for the purposes of this action is: 8205 Santa Monica Blvd 1-412, Los Angeles (90046) California.  Plaintiff does not have as a utility, a telephone, nor is a telephone or facsimile service immediately available for service of process or notification; and, plaintiff does not own a computer, nor does he have internet service.

2.2  Defendants set forth below are public servants, have sovereign power that has been delegated to them; and, are individuals who are sued as such, in their official and personal capacities :

    a.  Internal Revenue Service ("IRS") (DUNS # 040539587) - true address is unknown to plaintiff, plaintiff believes the IRS is domiciled in San Juan Puerto Rico and receives correspondence at Post Office Box 9024140, as principal;

        1) Plaintiff believes that the IRS is not part of the government of the united states of America.

        2) Plaintiff believes that the IRS is a private corporation who is resident in Puerto Rico.

        3) Plaintiff believes that this defendant through participation or non-participation either singly or in conjunction with the other employees (below) culminated such acts of fraud and deceit by assisting with effecting the collection of money through manufactured

documents whereby collecting money on mere notice(s) of levy(ies) and/or lien(s), from 2006, for periods 1991 forward, inter-alia violated and continue to violate:

A) Statute of limitations

B) Statute of frauds

C) Failure to adhere to the rules, regulations and procedures in the assessment and collection of taxes;

D) Wrongful collection(s) in conjunction with violating *inter-alia* :

    1) 18 U.S.C. § 241 and/or

    2) 18 U.S.C. § 242

    3) 31 U.S.C. § 742

    7) 5 U.S.C. § 706;

4) This defendant and its employees, by creating instruments that have no foundation supporting said taking, who then unlawfully deprived the plaintiff from use of his money by unlawfully inducing third parties (MPIPHP & SSA) to transfer said money from plaintiff to the defendant's name, by and through the unlawful use of notice(s) of lien or levy without commencement of a civil judicial action, which from the commencement of these overt acts through to the time of the last overt act perpetuating the fraud (June 2011), the defendant or by allowing an employee or employees has, through a series of exchanges and transactions, laundered the money through IRS'S employes who have aided in collection activity(ies); and, the conduct of this defendant was and continues as an international misrepresentation, deceit and concealment of material facts known to the defendant with intention on his/her/its part to deprive plaintiff of his property and/or legal rights; and, also causing injury to plaintiff, which has subjected plaintiff to cruel and unjust hardship in conscious disregard of his rights, so as to justify an award of full recovery of all amounts taken, treble damages including exemplary and punitive damages.

b. Douglas Shulman ("Shulman"), Commissioner of the Internal Revenue Service, as principal, who is domiciled at: 1111 Constitution Avenue N.W. Washington D.C. 20224. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein in connection with the following employees:

1. Glen Coles ("Coles"), Area Director, Internal Revenue Service, as an employee is domiciled at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

2. Sandra Fleming ("Fleming"), Territory Manager, Internal Revenue Service, as an

employee who is domiciled at: 300 North Los Angeles Street, Los Angeles, California 90012. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

3. D. Frank ("Frank"), Group Manager, Internal Revenue Service, as an employee who is domiciled at: 225 West Broadway 3rd Floor, Glendale, California 91204. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

4. Ted Hanson ("Hanson"), Agent # 95-05781, Internal Revenue Service, as an employee who is domiciled at: 225 West Broadway 3rd Floor, Glendale, California 91204. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

5. William O'Neill ("O'Neill"), Appeals Team Manager, Internal Revenue Service, as an employee who is domiciled at: 2525 Capitol Street, Fresno, California 93721; or, at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

6. J. Scheline ("Scheline"), Appeals Team, Internal Revenue Service, as an employee who is domiciled at: 2525 Capitol Street, Fresno, California 93721 or at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth below.

7. Corina Mullins ("Mullins"), #0190535 Appeal Officer, Internal Revenue Service as an employee who is domiciled at: 2525 Capitol Street, Fresno, California 93721 or, at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein. Further, Mullins as a CDP hearing officer, failed to get plaintiff's permission for a correspondence based hearing, and over the objections, made findings against plaintiff in April 2011.

8. Susan Meredith ("Meredith"), Operations Manager, Collections, Internal Revenue Service, as an employee who is domiciled at: 2525 Capitol Street, Fresno, CA 93721 or, at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

9. C. John Crawford ("Crawford"), Director SB/SE California Collection Area 7, Internal Revenue Service, as an employee who is domiciled at: 1301 Clay Street, Oakland,

California 94612. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

10. Dorothea T. Curran ("Curran"), #95-08086, Taxpayer Advocate Services, Internal Revenue Service, as an employee who is domiciled at: 300 North Los Angeles Street 6710, Los Angeles, California 90012-3363. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

11. Maureen Green ("Green"), #29-12033, Operations Manager, Internal Revenue Service as an employee who is domiciled at: 1973 North Rulon White Blvd., 4388, Ogden Utah, 84201. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

c. Motion Picture Industry Pension & Individual Account Plan ("MPIPHP"), principal, for breach of contract; as accessary as to other crimes/violations set forth herein is domiciled at: 11365 Ventura Blvd. # 300, Studio City, California 91604; and their employee:

1. Arlene Falk Withers ("Withers"), as an employee of MPIPHP, helped MPIPHP to breach their contract with plaintiff; as accessary to the IRS, plaintiff believes Withers to be Chief counsel of the Motion Picture Industry Pension & Individual Account Plan, domiciled at: 11365 Ventura Blvd. #300, Studio City, California 91604.

d. State of California Franchise Tax Board ("FTB"), as principal, is domiciled at: 300 South Spring Street, Suite 5704, Los Angeles, CA 90013-1265. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth below; and their employee:

1. Mr. Nguyen ("NGUYEN"), Accounts Receivable, an employee of the Franchise Tax Board, is domiciled at: 3321 Power Inn Road, Suite 250, Sacramento, California 95826. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth below.

e. Social Security Administration, principal, for breach of contract; as accessary as to other crimes/violations, is domiciled in California, at: 1122 North Vine Street, Hollywood, California 90038.

f. DOES 1-1000 ("DOES") are men/women or entities that unknown to plaintiff at this time, as principal or accessary who is/are domiciled at: an unknown, yet to be determined location;

g. ROES 1-1000 ("ROES") are corporation(s), officer(s) or entities that unknown to plaintiff at this time, as principal or accessary who is/are domiciled at: an unknown, yet to be determined location.

## III. SUBSTANTIVE FACTS

3.1  Plaintiff is not:

a.  I am not required to file (Title 26 U.S.C. §501(a) as defined @ 26 U.S.C. §501 (c)(5) ). Why am I exempt. Because all the takings stated at 1-6 above, the money was derived from a labor organization, the Motion Picture pension fund described above, as such is exempt; and, labor organization can not pass on a tax to their members, pursuant 26 C.F.R. §31.3121(e)-1(a)

> 26 C.F.R. 31.3121(e)-1(a).  The term employee includes every individual performing services if the relationship between him and the person for whom he performs such services is the legal relationship of employer and employee. **The term includes officers and employees, whether elected or appointed, of the United States, a State, Territory, Puerto Rico, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing**.

b. Said labor organization is not and never was operative in the United States, nor as an officer or employee of the United States, State of California, any Territory, Puerto Rico, District of Columbia, or any political subdivision, or an agency or instrumentality of the foregoing; nor have I been employed by definition, by a labor organization, though I did receive remuneration for my services. By regulation, employment taxes are only due pursuant 26 C.F.R. 31.3121(e)-1 sections (a) and (b), which are defined as: the District of Columbia, Commonwealth of Puerto Rico, Virgin Islands, the Territories of Alaska and Hawaii before their admission as States, and Guam and American Samoa. It does not mention the several compact states.

c. I am not a citizen of the United States as defined in 26 C.F.R. 31.3121(e)-1(b).

> (b)...The term "citizen of the United States" includes a citizen of the Commonwealth of Puerto Rico or the Virgin Islands and, effective January 1, 1961, a citizen of Guam or American Samoa.

d. I do not and have never received remuneration for services as set forth in 26 CFR 31.3401(c)-1 for the periods 1991 through 2011.

> 26 C.F.R. 31.3401(c)-1(a).  The term employee includes every individual performing

services if the relationship between him and the person for whom he performs such services is the legal relationship of employer and employee. The term includes officers and employees, whether elected or appointed, of the United States, a State, Territory, Puerto Rico, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing.

e. The independent trade, business or professional services I have offered have been, for the most part, pursuant 26 C.F.R. 31.3401(c)-1(c):

26 C.F.R. 31.3401-1(c). Generally, physicians, lawyers, dentists, veterinarians, contractors, subcontractors, public stenographers, auctioneers, **and others who follow an independent trade, business, or profession**, in which they **offer their services to the public**, are **not employees**.

f. I have never had employment in the United States under 26 C. F. R. 31.3121(b)-1, nor have I been employed for any of the alleged tax periods 1991 through 2011. Pursuant Title 26 C. F. R. 31.3401(c)-1(c), I am man who follows an independent trade, business or profession, offering my service outside the United States to the public only, and never in connection with an American vessel or American aircraft, for the tax periods your employees allege that taxes are due (1991 through 2011); wherefore pursuant 26 C.F.R. 31.3121(c)-1, by way of 26 C. F. R. 31.3121(b)4(c):

26 C. F. R. 31.3121(b)4(c). For provisions relating to the circumstances under which services which are excepted are nevertheless deemed to be employment, and relating to the circumstances under which services which are not excepted are nevertheless deemed not to be employment, see §31.3121(c) 1.

Wherefore, by regulations, 31.3401(c)-1(c), 26 C. F. R. 31.3121(d)-1 (b)(2), I am deemed not to be employed, nor have I been resident in an area that Congress was pursuant the constitution, may "exercise exclusive Legislation...over such district"... where Congress can "make all laws which shall be necessary and proper for carrying into execution the foregoing powers" .

g. I have not been employed in any area where Congress has exclusive control - Constitution, Article I, section 8, clauses 17 or 18 .

Cl. 17. To exercise exclusive Legislation in all cases whatsoever, over such District (not exceeding ten Miles square)...

Cl. 18. To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers;...has exclusive control, as set forth in the constitution, Art. I, clauses, 17 and 18 .

h. I am not a citizen of the United States or resident of the United States who is required to make a return of income as defined in Title 26 C.F.R. 1.6012-1 including, but not limited to subsections (a)(2)(i) and (ii), nor am I a subsection (iii) bona fide resident of Puerto Rico or any section 931 possession, as defined in §1.931-1(c)(1) for any taxable years alleged by the IRS (*Lucas v. North Texas Lumber Co.*, 281 U.S. 11 (1930) ).

i. I am not and never have been a non-resident alien, or a foreign corporation, or a government employee, or a resident in one of the United States possessions (Guam, Puerto Rico, Virgin Islands, etc., etc.); or, a seller of any alcohol, tobacco, or firearms; nor have I ever been involved in international trade of any kind, which is also reaffirmed in 26 U.S.C. 2121.

j. IRS has no enforcement power and may not give summonses nor make determinations, examinations, or administer collections for individual income tax pursuant Title 27, Part 70 §70.22(a) or (b)/Title 27, Part 70 §70.23(a) and (b), as there are no employment provisions, nor individual income provisions, since IRS is not a TTB officer: there are no regulations for enforcing Title 26 .

k. The Federal Rules of Civil Procedure, Rule G. Forfeiture Actions In Rem, states:

> This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rules does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.

In section 2, there must be a verified complaint, Rule G(2)(a), and pursuant (2)(b) must state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and - if different - its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. To date, after exhaustive questions related to §(2), (a) through (f), the IRS has not brought an action; it has unlawfully seized my property. I have never been served an action as is required by Rule G, as to the Years that IRS claims an alleged tax on income is due.

l. Ted Hanson, C. John Crawford, Corina Mullins have failed to follow procedure and have continued to unlawfully determine that taxes were due, but their continued reliance on their authority/citation(s), appears to be based on another code section that is inapplicable to my situation. I have made several requests for collection due process hearings, or their equivalent. Each of the foregoing persons, have failed in their duty(ies), never given me any face-to-face hearing or its equivalent at any time. Ms. Mullins, in March-April 2011, unilaterally decided to have a hearing by telephone. I have not, nor did I consent to any telephone hearing since I do not have a telephone, nor anyone friendly enough to lend me theirs. Telephone conversations must be agreed too in advance.

m. The Secretary must reject the recommendation of Ms. Mullins and dismiss the proposed collection against me. Ms. Mullins decision merits no deference from the Secretary of the Treasury, due to its evident defects in matters of law. The actions of the agency warrant dismissal or vacation of the decision, due to the agency's egregious misconduct, including retaliatory action, while conducting illicit secret audits and or hearings.

n. Each of the defendants misconduct, such as failure to follow their own rules, procedures and regulations at each stage of this inquisition, includes a pretended set of investigation(s).

o. Each of the defendants finding that a tax due in my case is retaliatory in nature, and is the motive against me when I have attempted to seek answers from IRS. The IRS is claiming sums that are more than owed; the IRS has no authority to file Substitute for Returns; IRS was not delegated authority to make collections as to my situation; and they are prohibited by the regulations from making assessments and collections.

p. Prior to this suit I have requested the Commissioner to abate the collections and that the IRS return all my money taken from me since 2005 forward, since his underlings are not obeying the law, and since no person in the IRS or the Treasury has responded, so this suit has arisen out of the IRS, Department of the Treasury failures to cure or respond according to law(s) and procedures exemplified and set forth herein.

3.2 The Defendants are being sued in his/her/their official and personal capacities for damages to plaintiff pursuant to 26 U.S.C. §7433, for it will be shown that while they are in total disregard for plain statutory language, he/she/they have engaged in a pattern of harassment and seizure of property not owned by the defendants (Title 26 United States Code).

3.3 Plaintiff has at all times has been in compliance with what each of the defendants know to be the requirements it imposes, upon natural and upon artificial persons, while itself being wholly unable to discuss particular, certain, applicable tax provisions [26 U.S.C. §§ 83(a)] as it relates to intangible

property "paid" for compensation, §1402(b), § 3121(e), §3306(j); 26 C.F.R. §1.83-3(g) and §602.101; and, for higher reasons, *a fortiori*, 18 U.S.C. §2384.

3.4 We have experts who have conducted analysis and review of tax matters now in controversy. These determinations show the inapplicability of the tax that has been wrongfully imposed.

3.5 The IRS has failed in presenting proper ascertainment, computation assessment, and has collected specific dollar amounts, which are improper.

3.6 The IRS and its employees have failed and continue failing to properly follow proper procedure, and have failed to observe filing dates, deadlines and time lines; and failure of the supervisors and principal to provide proper oversight; and, by such details, will serve to unduly burden the Court; and, by introduction of details shall serve to obscure the plain violations of due process to which this entire controversy can be attributed. Plaintiff's experts are recognized by the defendants as having been qualified for offering their services as tax return preparers, CPA'S or other authorities who give service to the public; and, these experts have followed to the letter, those equations and methods now accepted as standard conclusory methods in the making of *bona- fide* determinations of income tax liabilities.

3.7 Resolution of this matter is as easy as airing the evidence and setting about proving that the IRS has failed to properly ascertain the type and character of the tax, and whether the plaintiff is liable under the specific character; and, whether the law has been mis-applied; whether service was proper; whether the Secretary has jurisdiction to make an assessment. Only one side of this controversy is entirely mistaken, which plaintiff and his experts believes is the IRS.

3.8 While Plaintiff seeks review of these matters and the award of damages deemed appropriate and just at the close of proceedings if plaintiff prevails, plaintiff expects the Defendants to hide behind 26 U.S.C. §7421 and 26 U.S.C. §6213; when, in fact, statutory pre-requisites to such have been wholly skipped in Defendants procedural method(s). The fact that the plaintiff has not exploited Tax Court as invited by the defendants' Notice(s) of Deficiency is irrelevant, since there have been egregious errors and omissions in due process procedures that led up to the notice itself, as whether the defendants' "determination" of tax liability violated statute in the first place; due process prevails.

3.9 Proper steps for collection activity must be followed pursuant California state and federal law, are as follows:

a) 26 U.S.C. 6331 states: "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax.

Levy may be made upon the accrued salary or wages of any officer, employee, or elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia by serving a notice of levy on the employer of such officer, employee, or elected official." By statutory construction, a levy can only be made on an officer, employee or elected official employed by the United States or those officers, employees in the District of Columbia.

b) Should any taxpayer fail to pay after the ten (10) day notice, the Secretary must then make an assessment.

c) The Secretary must then draw up a complaint, go to Tax Court and file it.

d) The Secretary must then have the Tax Court issue a subpoena.

e) The Secretary must have the Sheriff of the county serve the subpoena and complaint upon the alleged taxpayer.

f) The court may, if the taxpayer has failed to plead within the time allowed, enter judgment for the taxes.

g) Upon entry of judgment, the Secretary must apply to court for an abstract of judgment. When the Secretary has received the abstract, he must then-

h) Apply to the court for a writ of execution, then appoint a-

i) Levy officer, whom must then-

j) Execute all the provisions of the judgment, writ of execution, and obtain all the items as set forth in the prayer of the complaint/judgment; and those items specified in the writ and instructions.

Since the plaintiff is not liable under §6331, nor is he an officer, employee or elected official of the United States or District of Columbia, no levy is applicable. Furthermore, failure by the IRS and FTB to properly follow the procedures just outlined, constitutes unlawful takings, and any process that abrogates the above process, such process is then a nullity, and unlawful *ab nitio*; a violation of due process.

3.10 In this matter, each of the defendants, either singly or together, did not follow the proper steps outlined in 3.8 et seq. above, wherefore each defendant violated 18 U.S.C. §241 & §242, 18 U.S.C. §1956 and/or 18 U.S.C. §1957 and/or 12 U.S.C. §411, and/or 31 U.S.C. §742, and/or 5 U.S.C.

§706 in their collection process.

3.11 The plaintiff believes that when any of the Treasury or IRS agents or employees fail in providing due process, they violate Amendment V to the constitution, and fail to protect the people in pursuance of their constitutional oath(s) of office, thereby violating their oath, which is required to be taken and is set forth in the First Session of Congress, Statute 1, chapter 1. When the Treasury or IRS employees additionally fail to comply with well established procedure for judicially settling civil tax matters, as outlined above; and, each agency/employee subsequently receives funds after unlawfully serving their notices of lien or levy(ies), and from the collection (in this matter the MPIPHP and Social Security Administration) thereof; then, when any funds are received through this method, each employee involved in the successful taking of taxes not due, only alleged, he/she receives a percentage thereof, as a reward; such activity(ies) constitute the crimes of perjury of oath, fraud and unlawful taking of another's property, which is against the peace and dignity of the united states of America in compact.

3.12 When the defendants receive their money and bonuses from employment, each of the said defendants then co-mingles said funds in accounts that have their significant other as co-signers on the account.

3.13 After the defendants co-mingle said employment money, their significant other then goes out and makes purchases that are then jointly used for their household.

3.14 After the principals and their significant others have made all the purchases and used the bought items either singularly or jointly, said proceeds have thus become laundered.

**MOTION PICTURE INDUSTRY PENSION PLAN - BREACH OF CONTRACT**

3.15 The Motion Picture Industry Pension Plan started on October 26, 1953, and the Motion Picture Industry Individual Account Plan on August 1, 1979. Pension payments from the Pension Plan began on January 1, 1960.

3.16 On and after October 28, 1990, all contributions received by the Pension Plan (other than Unclaimed Vacation & Holiday Pay) are Employer contributions (Prior to October 28, 1990, 16.4¢/hour was deducted from Participant paychecks each pay period and remitted to the Motion Picture Industry Pension Plan toward individual pensions). The IAP is also 100% Employer-funded.

3.17 The MPIPHP was established in 1953. The MPIPHP, as it is known today, is responsible for the contracted payment and care of motion picture and entertainment industry employees, including many infirmed and retired individuals that have worked in all phases of the motion picture and entertainment industry.

3.18 The plaintiff before starting work in the motion picture and entertainment industry as far back as 1943, was required to join and contract with a labor union, pay initiation fees.

3.19 The plaintiff and the International Cinematographers Guild contractually agreed that when the plaintiff worked, after qualifying; and, by working a certain set or amount of pre-defined hours; and, after plaintiff paying a certain amount of union dues quarterly, plaintiff would receive as part of compensation for private sector employment, a health and/or retirement benefit.

3.20 The plaintiff after working all of the hours, and after paying all the dues set by contract, qualified for health and pension benefits in June 1999.

3.21 The plaintiff upon retiring in June 1999 received a monthly payment and continued to receive a monthly check from MPIPHP, the sum $2,292.86 until February 2006, which is when MPIPHP breached the contract. The breach has continued monthly to this day.

3.22 From February 2006 through this present day, June 2011, the MPIPHP has failed to perform said contract by delivering $2,292.86 to plaintiff monthly; and, MPIPHP is now in arrears and owes plaintiff the sum approximately one hundred and fifty eight thousand two hundred seven dollars and thirty four cents ($158,207.34)+ $2,292.86 accruing monthly.

3.23 The plaintiff since the year 2006 has repeatedly telephoned and sent much correspondence requesting the MPIPHP and their Chief legal counsel Arlene Withers to furnish payments that have become delinquent or are now due and payable.

3.24 The defendant MPIPHP has failed and continues to fail in performing its contract.

3.25 Attorney-employee Arlene Withers as chief counsel to MPIPHP is knowledgeable in the law.

3.26 Arlene Withers as an attorney, has taken an oath as required by Art. XI, section 3 of the constitution of the state of California (1849), the First Session of Congress, First Statute, First Chapter, to support and defend the constitution, the people who are the beneficiaries thereof, of which plaintiff is a beneficiary. Since Arlene Withers has personal and first-hand knowledge, and studied and received a degree in law, Ms. Withers knows that before anyone can take property from another, they must first follow steps set forth in 3.9: 1-10 above, before anyone may lawfully take another's property.

3.27 Plaintiff has not resumed working in the industry since retiring.

## SOCIAL SECURITY ADMINISTRATION - BREACH OF CONTRACT

3.28    The plaintiff and defendant, the Social Security Administration, entered into a written agreement/contract with plaintiff in 1943 wherein plaintiff would pay a sum of money in exchange

for retirement benefits. The face value included cost of living adjustments to be paid upon retirement in 1999. In 2006, plaintiff received $1,474.00 monthly, then in 2007 was $1520.00, then in 2008, was $1554.00, then in 2009, 2010 and 2011 was $1650.00.

3.29 I paid all the premiums required to qualify.

3.30 In the year 1999 I retired.

3.31 In 1999 the Social Security Administration through the Department of the Treasury started paying me the sums set forth in 3.28 above.

3.32 In 2006 the Social Security Administration stopped sending me what was contractually owed to plaintiff, and such conduct has continued through to this present day, whereby such conduct has constituted breach of contract.

3.33 The MPIPHP breached their contract with plaintiff starting February 2006, when the MPIPHP failed to send me the money they promised by contract, and MPIPHP continues to breach the contract as of this day.

3.34 The Social Security Administration failed in their duty to check to see if the notice of levy was properly being administered or valid.

3.35 As of this day, the Social Security Administration, due to breach of contract, now owes me the sum nine thousand five hundred and fifty six dollars and ninety cents ($9556.90) since 2006.

## IRS EMPLOYEE   VIOLATIONS
### Common counts

3.36 Each of the following defendant employees of the IRS listed in 2.2: a, b, have either separately or jointly violated the following in regard to the allegations set forth in this complaint, for wrongful assessment and unlawful collection(s) of taxes not due, in conjunction with e.g., : a) Fraud, b) Breach of Contract, c) Perjury of oath of office, d)Willful oppression against me, and they did so with malice including but not limited to the following:

### Statutory counts.

3.37 Each of the following defendant employees of the IRS listed in 2.2: a, b, have either separately or jointly violated the following in regard to the allegations set forth in this complaint, for wrongful collection(s) in conjunction with e.g., failure to adhere to the rules, regulations and procedures in the assessment and collection of taxes not due: whereby violating: a) Perjury of oath of office, b) 18 U.S.C. 241, c) 18 U.S.C. 242, d) 12 U.S.C. 411, e) inter-alia violated sections (A), (B), (C), (D), (E), (F)

of 5 U.S.C. 706, thus necessitating judicial determination.

## DOES and ROES VIOLATIONS

3.38 Each DOE and ROE are presently unknown to the plaintiff in this matter. Plaintiff does not know where any DOE or ROE is residing or where they may be domiciled. Plaintiff at this time believes that these DOES and ROES are principals either singularly or jointly, and are connected with the violations set forth in this complaint; and, plaintiff believes that each has some sort of role principally or as an accessary hereto. Plaintiff is unsure whether each defendant's residence set forth is their correct address, as it is common for government servants to hide their residency, and use fictitious names and addresses and even go so far as manufacturing evidence when it suits their needs. Plaintiff reserves the right to supplement this complaint when he learns who these individuals are after completion of the initial stage of discovery.

## INJUNCTIVE RELIEF

3.39 This Court can see by now the undue peril to Plaintiff's rights of property; and, the failure of the IRS and FTB to give due process. The Defendants continue to pursue garnishments that are more than 80.06% higher than what private qualified experts say are his liabilities; **if the plaintiff was a government sector employee,** such takings **would be no more than 15% of the gross according to law.** In this matter the IRS/FTB is taking more than 65% than the limit allowed by law ($3163.66), leaving the plaintiff no more than $779.20 per month. If the IRS/Treasury was to take 15% of $3942.86 , the 15% allowed would be no more than $591.42 to be taken per month, which would leave petitioner with $3,351.44 monthly. However, the IRS and FTB have continually violated due process and have unduly made plaintiff liable to pay these excessive amounts before bringing suit, which is an exaction, violation of due process, of the first order. The review sought by this action constitutes mere due process. If Plaintiff can prove by his experts, that he owes what the experts indeed believe are his duties, where is due process (the Constitution) when the defendants are allowed to proceed against his rights to property when no court has adjudicated the matter? Plaintiff knows that this Court sees the Constitution as superior to any statutory bar to the review now sought, and that his positions are not frivolous in the least, nor against public policy.

> 26 U.S.C. §7433. Civil damages for certain unauthorized collection actions. **(a)** In general. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, **disregards any provision of this title, or any regulation** promulgated under this title, **such taxpayer may bring a civil action for damages against the United States** in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

3.40 The Defendants will not and can not prove in open court and on the record, that they have

1    strictly complied with the law. And after considering all relevant facts and statutes, documents and
records provided by IRS, the IRS and employees will prove that by their indifference and lack of
2    regard to the law, they will fail.

3    3.41 Plaintiff maintains that he is the victim of an exaction on the part of Defendants and
4    that amounts collected and sought to be collected, by distraint or otherwise, are not those
5    amounts imposed by law, and that this renders Defendants liable for damages and each of the
Defendants jobless, in any *nation of laws*. The subject assessment is not entitled to the
6    presumption of correctness, and Plaintiff's having allowed Tax Court's invitation to lapse changes
7    nothing. Indeed, approx. $185,059.78 (U.S.) listed on Plaintiff's IMF (individual master file) is mis-
8    labeled but is included in gross income by Defendants.

9    3.42 Further, the defendants have freely documented their effort to place erroneous unlawful lien(s)
or levy(ies) on property owned by the plaintiff, or property believed to be plaintiff's. Each of
10    the defendants claim(s), notice(s) of lien and levy(ies) are unsubstantiated claims, and as such, fail
11    to identify any docket number that references any court proceeding(s) that would prove that such
12    lien(s) or levy(ies) are lawful, leaving this plaintiff suing for injunctive relief as the plaintiff's only
13    option:

14    § 7403. Action to enforce lien or to subject property to payment of tax. (a) Filing. In
any case where there has been a refusal or neglect to pay any tax, or to discharge any liability
in respect thereof, whether or not levy has been made, **the Attorney General or his delegate,**
15    **at the request of the Secretary, may direct a civil action to be filed in a district court**
**of the United States to enforce the lien of the United States under this title** with respect
16    to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in
which he has any right, title, or interest, to the payment of such tax or liability. For purposes
17    of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated
as a neglect to pay tax.
18

19    3.43 The object of the subject notices of lien(s) and levy(ies) wielded by defendants have been
20    effective for their collection purposes, but are void on their face, since they cannot enter any proof on
21    the record of having followed a proper course in procuring any bona-fide judgments which would
then make said lien(s) or levy(ies) enforceable and proper. The manner and method of acquiring these
22    pretended liens or levies and unlawful seizures made thereunder, were done from the outset, in total
23    disregard for law and well established procedure which was required to be completed before the
24    seizure of the plaintiff's property. The failure by the IRS and FTB to follow precisely well established
procedure constitutes grounds for relief under §7433, which requires only that a relevant provision
25    of procedure be disregarded.

26

27

28

## IV.  CONCLUSIONS.

4.1 It is established that there are procedural requirements that must be met before any property may be taken.

4.2 It is established that the defendants have failed to properly commence a lawsuit, serve the plaintiff and obtain judgment before they liened or levied the plaintiff's property.

4.3 It is clearly established that the IRS and FTB have failed and can not: a) substantiate their claims, b) prove they gave due process or hearings, c) substantiate that they did not violate the statute of limitations prior to collections, d) prove plaintiff is a "tax protestor", e) prove they commenced a lawsuit and obtained judgment prior to collection(s)/garnishment(s).

4.4 It is clearly established that the defendants prior to this day, without warrant or judgment have been operating to continue to menace, oppress and extort the plaintiff under color of authority.

4.5 It is clearly established that the defendants, prior to this day, without warrant or judgment have been and continue operating to destroy plaintiff's future, while failing to rebut and provide supporting evidence to any assertions made by the plaintiff, and each of the defendants have exhibited only defiance and committed retaliatory acts as to what the plaintiff knows to be his rights under the law.

4.6 It is clearly established that the defendants have perjured their oaths of office by committing the acts set forth herein.

4.7 It is clearly established that this court must provide injunctive relief, since the plaintiff has clearly shown or demonstrated that by statute and the facts of this case, that each of the defendants have egregiously violated due process of law and shown complete disregard for the law, including well established procedures that are necessary for the security of the people. Is clearly established by the IRS and FTB's custom, policy and practice that they will continue to disregard due process, and law if no injunctive relief is given; and the plaintiff will continue to suffer and will be irreparably harmed and possibly face being homeless within the next couple of months if no injunctive relief is provided by this court.

## V.  RELIEF.

5.1 Plaintiff seeks the court to issue judgement on the following issues:

    a. Declare that Gary Olyn Armstrong does not owe any taxes for the years 1991 through 2011; and declare that said notices or liens or levy(ies) are unsupported by judgment and are void, wherefore, all items supporting the pretended notices must be expunged.

    b. Declare that the defendants are guilty of abuse of process, unlawful tax collection or

assistance thereof;

c. Declare that the defendants are guilty of perjury as to their oath of office;

d. Declare that the defendants are guilty either singly or conspiratorily acting to deprive the plaintiff of his right of due process;

e. Declare that the defendants are guilty of gross negligence in their job capacities;

f. Declare that the defendants are guilty of the unlawful taking of another's property;

g. Declare that the defendants are guilty of falsely preparing documents/substitute returns;

h. That the defendants are guilty of unjust enrichment;

i. That the IRS is permanently enjoined from sending notices of lien(s) or levy or liens or levy to the MPIPHP or SSA that are not supported by a bona fide judgment issued from a court of competent jurisdiction.

5.2   Plaintiff seeks award of relief as follows:

a. Injunctive relief, Recovery of all money:   $185,059.78 including treble damages, exemplary damages, punitive damages (One Million - per count), costs, attorney fees including any other supplementary relief the court deems proper and just for the years 1991 through 2011 where IRS took his funds/credits or money due that were unlawfully taken or were restrained by IRS and defendants for improper collections, failure by each of the defendants to give due process or investigate whether the claims were bonafide, for failure to obtain a court judgment before collection.

b. Declare that the proposed collections for years 1991 through 2011 be declared null and void and said items are to be expunged, and enjoined from collection unless supported by a judgment issued from a court of competent jurisdiction.

c. Restitution jointly, severally and individually from the following individuals:

i) Internal Revenue Service,

ii) Douglas Shulman, Commissioner of the Internal Revenue Service, for treble damages including additional annual interest rate of ten percent compounded daily computed from February 1, 2006 to present.

d. Exemplary damages based upon complementary verdicts.

5.3 Plaintiff seeks award of injunctive relief, costs, attorney fees, the sum two hundred fifty thousand dollars in gold or silver coin, interest rate of ten percentum per annum compounded daily, treble damages, exemplary damages based on recent verdicts, any other supplemental relief as the court deems proper and just, from the following defendants:

1. Motion Picture Industry Pension & Individual Account Plan.

2. Arlene Withers.

5.4 Plaintiff seeks award jointly, severally and individually for injunctive relief, the sum two hundred fifty thousand dollars in gold or silver coin, interest rate of ten percent per annum, compounded daily, treble damages, exemplary damages based on recent verdicts, any other supplemental relief as

the court deems proper and just, from the following defendants:

State of California Franchise Tax Board, including unjust enrichment.

5.5 If any of the defendants appeal or file bankruptcy in order to avoid payment, the court shall supplementarily award an additional judgment for the sum of five million dollars as penalty for the frivolous and void filings, which shall become due and payable to plaintiff from each defendant jointly, severally and individually, in gold or silver coin within thirty days of said judgment.

5.6 If the defendants are found to have demanded more or other sums than are imposed by law, Plaintiff seeks an Order from this Court discharging, or one ordering the discharge of, Defendants from employment by the United States under 26 U.S.C. §7214[1].

## VI.   VERIFICATION.

I, Gary Olyn Armstrong, the plaintiff does hereby declare under penalty of perjury (28 U.S.C. §1746) that the foregoing accounting of facts are true and correct to the best of my knowledge, not misleading, and as to those based upon belief, I believe them to be true. I believe that I am entitled to the relief requested herein.

Executed this _____ day of June A. D.  2011.

Signed by /s/ Gary Olyn Armstrong    Seal
                    Gary Olyn Armstrong,  Affiant/Plaintiff.
                    c/o 8705 Santa Monica Blvd., 1412
                    Los Angeles (90046)  California.
                    —END—

_____

[1]

Schultz v. IRS:
Schulz filed in the United States District Court for the Northern District of New York motions to quash those summonses. In an order dated October 16, 2003, Magistrate Judge David R. Homer dismissed Schulz's motions for lack of subject matter jurisdiction, finding that, because the IRS had not commenced a proceeding to enforce the summonses, a procedure described in 26 U.S.C. §7604, **Schulz was under no threat of consequence for refusal to comply and, until such time as the IRS chose to pursue compulsion in a United States district court, no case or controversy existed.** The Court of Appeals, in a *per curiam* opinion, affirmed and held that in absence of an effort by the IRS to seek enforcement of the summons in federal court, dismissal of the motion to quash was proper because there was no Article III case or controversy.  (Schultz v. IRS, 413 F.3d 297 (2d Cir.  2005) ).

# UNITED STATES BANKRUPTCY COURT

## Central District of California

255 East Temple Street Room 940

Los Angeles (90012) California

| | |
|---|---|
| Gary Olyn Armstrong, his heir(s), assign(s) and beneficiary(ies)<br><br>                                   Plaintiff(s),<br><br>vs.<br><br>Internal Revenue Service, its principal(s), its heir(s), successor(s), assign(s) and beneficiary(ies).<br><br>Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s).<br><br>Motion Picture Industry Pension & Individual Account Plan including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s).<br><br>State of California Franchise Tax Board;<br><br>DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), - assign(s) and beneficiary(ies).<br><br>ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), - assign(s) and beneficiary(ies).<br><br>Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government<br><br>                                   Defendants. | Memorandum of Points & Authorities<br>Supporting<br>Adversary Complaint<br><br>No.:_____ |

//

//

//

//

//

//

//

//

//

Gary Olyn Armstrong Adversary Complaint.

## MEMORANDUM of POINTS & AUTHORITIES

Inasmuch as this complaint seeks to maintain an action; and, inasmuch as this plaintiff asks this Court to consider these authorities which plaintiff believes is the foundation that is the basis for this claim for damages, this plaintiff herewith demonstrates that the defendants' have requirements that must be met in determining whether an individual owes a tax, or has no tax liability. Such requirements are demonstrated below and are firmly established by law.

### A. RELEVANT CASE LAW

1. §6212. Notice of deficiency **(a).** In general.- If the Secretary **determines** that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

2. § 6201. Assessment authority **(a).** Authority of Secretary. The Secretary is authorized and required to make the **inquiries, determinations, and assessments** of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law.

3. 26 C.F.R. 601.106(f)(1) Rule 1. **An exaction** by the U.S. Government, **which is not based upon law, statutory or otherwise**, is a taking of property without due process of law, in violation of the 5th Amendment to the U.S. Constitution. **Accordingly**, an appeals representative in his or her conclusions of fact or application of the law, **shall hew to the law and the recognized standards of legal construction**. It shall be his or her **duty to determine the correct amount of the tax, with strict impartiality as between the taxpayer and the Government**, and without favoritism or discrimination as between taxpayers.

4. The presumption of correctness enjoyed by the IRS disappears upon introduction of evidence to the contrary, a "determination" of tax liability must be the result of a consideration of all relevant facts and statutes[2]. In *Portillo v. CIR*, 932 F.2d 1128 (CA5 1991), abuses of discretion set this standard on its head.

5. "Ramon and Dolores Portillo live in El Paso and own a small house painting business. The 1984 tax return filed by the Portillos reports that $10,800 was received from Mr.

---

[2] See *Hughes v. U.S.*, 953 F.2d 531 (CA9 1992); *Portillo v. CIR*, 932 F.2d 1128 (CA5 1991); *Elise v. Connett*, 908 F.2d 521 (CA9 1990); *Jensen v. Comm'r of IRS*, 835 F.2d 196 (CA9 1987); *Scar v. Comm'r of IRS*, 814 F.2d 1363 (CA9 1987); *Benzvi v. Comm'r of IRS*, 787 F.2d 1541 (CA11 1986); *Maxfield v. U.S. Postal Service*, 752 F.2d 433 (1984); *Weimerskirch v. Comm'r of IRS*, 596 F.2d 358, 360 (CA9 1979); *Carson v. U.S.*, 560 F.2d 693 (1977); *U.S. v. Janis*, 428 U.S. 433, 442 (1975); *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758-770 (1973); *Pizzarello v. U.S.*, 408 F.2d 579 (1969); *Terminal Wine*, 1 B.T.A. 697, 701-02 (1925); *Couzens*, 11 B.T.A. 1140, 1159, 1179.

1

## MEMORANDUM of POINTS & AUTHORITIES CONTD.

2

Navarro, a general contractor. Mr. Portillo used his receipt books to reach this figure, since Navarro
3  had not supplied him with a timely 1099 report. When Navarro's Form 1099 was filed (in 1985) it
revealed a substantial discrepancy from the information provided by the Portillos. Navarro reported that
4  he paid $35,305 to Portillo in 1984. During an investigation into this matter, the IRS was informed
by Navarro that he could not provide documentary support for the amount reportedly paid to Portillo.
**Despite the apparent unreliability** of the 1099 reporter (Mr. Navarro), the IRS issued a notice of
5  deficiency to the Portillos. **When the Portillos requested a redetermination of the deficiency, the
IRS took the position that their notice of deficiency was presumed to be correct. The burden
6  of proving that the excess payments were not received was imposed upon the Portillos.**
Predictably, the Portillos failed to overcome the heavy burden of proving nonpayment. The Tax
7  Court ruled in favor of the IRS. The position of the government was affirmed. The Portillos sought
relief by way of an appeal to this Court. **That appeal resulted in a finding that the
8  Commissioner's determination was arbitrary and erroneous.** The judgment of the Tax Court
regarding the issue of unreported income was reversed. Portillo, supra. The case was remanded for
9  recalculation of taxes owed by the Portillos."

10

6. The 5th Circuit was clear in its invalidation of any Notice of Deficiency arising from a failure
11  under this standard, that <u>all relevant facts and statutes</u> must be part of analysis, review, and
determination of tax liabilities. *Portillo* continues :
12

13  7. **"Therefore, the sole issue on appeal is whether the position of the United States was "substantially
justified."** Whether the government ultimately loses a case is not determinative of the issue of litigation
14  costs *( Sokol v. Commissioner*, 92 T.C. 760, 1989 WL 30432 (1989) ).

15

8. **A position is substantially justified if there is a reasonable basis both in law and in fact** *(Pierce v.
16  Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) ).

17

9. We review the Tax Court determination on the issue of substantial justification for abuse of discretion
18  (*Hanson v. C.I.R.*, 975 F.2d 1150 (5th Cir.1992) ).

19

10. **"The government argues that its position was reasonable in light of the facts of this case. The
20  contention is that it was reasonable to attribute veracity to Mr. Navarro rather than Mr. Portillo. The
government makes this argument** despite the ruling in Portillo that this was an arbitrary and erroneous
21  basis for a notice of deficiency. Whether Navarro made a more credible witness than Portillo is not the issue.
A cursory reading of *Portillo* makes it clear that one person's word, *i.e.* **"a naked assertion,"** <u>is not
22  sufficient support for a notice of deficiency</u>.

23

24  11. **"In these types of unreported income cases, the Commissioner ... [cannot] choose to rely solely
upon the naked assertion that the taxpayer received a certain amount of unreported income for the
25  tax period in question"** (*Portillo*, 932 F.2d at 1134).

26  12. **A naked assessment without any foundation is arbitrary and erroneous** (*United States*

27

28

## MEMORANDUM of POINTS & AUTHORITIES CONTD.

*v. Janis*, 428 U.S. 433, 442, 96 S.Ct. 3021, 3026, 49 L.Ed.2d 1046 (1976) ).

13. **The previous panel of this Court held that the deficiency notice "lacked any ligaments of fact" and was "clearly erroneous" as a matter of law**... Fn.2 (*Portillo*, 932 F.2d 1128, @ page 1133 (5th Cir.1991)). **There can be no clearer indication from this Court that the government's position in relying on such an unsupported notice of deficiency was not justified.** The facts of this case dictate that the denial of litigation costs was an abuse of discretion.

14. The government contends that the reversal of the initial Tax Court decision created a new rule. This "new rule" argument is supposed to lend credence to the reasonableness of the government's position in relying on the "old rule."

In asserting that a new rule was pronounced in this case, the government turns its back on *United States v. Janis*, 428 U.S. 433, 96 S.Ct. 3021, 49 L. Ed.2d 1046 (1976).

15. **Janis holds that where "the assessment is shown to be naked and without any foundation," it is not entitled to the presumption of correctness ordinarily conferred upon a notice of tax deficiency. The inception of this holding** is found in *Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, <u>a case which was decided in 1935</u>!" (Exclamation point not added).

16. **"The unsubstantiated and unreliable 1099 Form submitted to the IRS by Navarro was insufficient to form a rational foundation for the tax assessment against the Portillos.** This was made abundantly clear by the opinion rendered in the initial appeal. The Court found that the notice of deficiency lacked **"any ligaments of fact" and that the assessment was "arbitrary and erroneous."** *Portillo*, supra.

17. On the facts of this case, we find that the decision of the Tax Court in denying costs, to include reasonable attorney's fees, is clearly an abuse of discretion. As previously stated, the position of the United States in this litigation **was not substantially justified** and the Court therefore will REVERSE and REMAND this matter to determine the reasonableness of attorney's fees and costs required by appellants. **The Court will decline,** <u>at this time,</u> an award of sanctions.

> **Fn.2** An amusing but insightful analogy was drawn in *Carson v. United States*, 560 F.2d 693 (5th Cir.1977) to characterize the importance of the presumption of correctness: **"The tax collector's presumption of correctness has a herculean muscularity of Goliathlike reach, but we strike an Achilles' heel when we find no muscles, no tendons, no ligaments of fact"** *Carson* at 696." See: *Portillo, Id.*.

## B. STATUTES RELEVANT TO THIS COMPLAINT

1) **18 U.S.C. § 241. Conspiracy against rights.**

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory,

## MEMORANDUM of POINTS & AUTHORITIES CONTD.

Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or if two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured- -

> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

2) **18 U.S.C. § 242. Deprivation of rights under color of law.**

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

— End. —

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**
255 East Temple Street Room 940
Los Angeles (90012) California

| | |
|---|---|
| Gary Olyn Armstrong one of We the People, his heir(s), assign(s) and beneficiary(ies) as... <br><br> Plaintiff(s), <br><br> vs. <br><br> Internal Revenue Service, its principal(s), his/her/their heir(s), successor(s), assign(s) and beneficiary(ies). <br><br> Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s). <br><br> Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s). <br><br> State of California Franchise Tax Board; <br><br> DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies). <br><br> ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies). <br><br> Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government, <br><br> Defendants. | **Adversary Proceeding** <br> Voluntary Petition <br> Chapter 7 <br> Trial by Jury <br><br> No.:_____ <br><br> **Proposed Judgment** <br><br> Internal Revenue Service <br> & <br> Douglas Shulman. |

This court after considering the defaults of the Internal Revenue Service and Douglas Shulman and hereby grants Gary Olyn Armstrong the following relief:

1. Declaratory relief is as follows:

   a. Gary Olyn Armstrong does not owe Internal Revenue Service any taxes for the years 1991 through 2011.

   b. The Internal Revenue Service Notices of Lien and Notices of Levy for the years 1991 through 2011 are void ab nitio since no action was commenced before the statute of limitations ran; and, as they are unsupported by any judgment(s) from a court of competent jurisdiction.

Gary Olyn Armstrong's default judgment.

c. The Internal Revenue Service liens/notices of liens, levy/notices of levy for the years 1991 through 2011 are void ab nitio since no action was commenced before the statute of limitations ran; and, as they are unsupported by any judgment(s) from a court of competent jurisdiction.

d. The Internal Revenue Service/FTB shall expunge within thirty days Liens, Notices of Lien(s) including Levy(ies), Notice of Levy(ies) from all county recorders office's in the several states or wherever the Internal Revenue Service has placed such in the records, including withdrawal and cancellation of any existing lien(iens), notice of lien(ies), levy(ies) or notice of levy(ies) that the IRS/FTB sent to any person holding plaintiff's money.

e. The Internal Revenue Service is guilty of abuse of process, unlawful tax collection or assistance thereof.

f. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of perjury of their respective oaths of office.

g. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of conspiring to deprive plaintiff of his right of due process.

h. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of gross negligence in their job capacities.

i. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of unlawful taking of another's property.

j. Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of falsely preparing substitute returns.

k. Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of unjust enrichment.

l. Shulman, Ted Hanson, Corina Mullins, C. John Crawford and all other employees of the Internal Revenue Service are permanently enjoined from sending liens or notices of lien(s), levy or notice of levy to the MPIPHP or SSA or any other person or source where said person holds Gary Olyn Armstrong's property unless the Internal Revenue Service lien(s) or levy(ies) or notices thereof, are supported by a bona fide judgment issued from a court of competent jurisdiction.

2. Money Judgment relief is as follows:

a. The Internal Revenue Service is to <u>return all sums of money</u> to plaintiff that were taken from

plaintiff without a court order, the sum one hundred eighty five thousand fifty nine dollars and seventy eight cents ($185,059.78) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

b.  The Internal Revenue Service is to pay plaintiff treble damages the sum five hundred fifty five thousand, one hundred seventy nine dollars and thirty four cents ($555,179.34) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or  assign(s) within thirty days of this order/judgment.

c.  The Internal Revenue Service is to pay plaintiff exemplary damages the sum one million dollars in gold or silver coin within thirty days of this order/judgment; and Douglas Shulman is to pay the sum one million dollars in gold or silver coin payable to plaintiff, his heir(s) agent(s) or  assign(s) within thirty days of this order/judgment.

d.  The Internal Revenue Service is to pay punitive damages the sum of one million dollars in gold or silver coin payable to plaintiff, his heir(s) agent(s) or  assign(s) within thirty days of this order/judgment.

e.  The Internal Revenue Service is to pay per count the sum one million  each.  Total counts are ten multiplied by one million resulting in payment of ten million dollars in gold or silver coin payable to plaintiff, his heir(s) agent(s) or  assign(s) within thirty days of this order/judgment.

f.  The Internal Revenue Service is to pay costs the sum one hundred ninety three thousand nine hundred fifty four dollars and eighty six cents ($193,954.86) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or  assign(s) within thirty days of this order/judgment.

g.  The Internal Revenue Service shall pay attorneys fees the sum of  seventy five thousand dollars to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or  assign(s) within thirty days of this order/judgment.

3.  Dismissal from Employment.  The court finds that:

    a.  Douglas Shulman,

    b.  C.  John Crawford,

    c.  Corina Mullins,

    d.  Ted Hanson,

    e.  Glen Coles,

    f.  Sandra Fleming,

g.  D.  Frank,

h.  William O'Neill,

i.  J.  Scheline,

j.  Susan Meredith,

k.  Dorothea T.  Curran,

l.  Maureen Green,

employment activities with the Internal Revenue Service are terminated with prejudice, and all benefits that have accrued are declared null, void, and the above individuals are permanently enjoined from enjoying the benefits thereof and shall not collect, attempt to collect or receive any benefits that may have accrued due to their prior employment activities.

m.  Each of the individuals or their estates shall individually repay plaintiff the sum fifty thousand dollars ($50,000.00) x 12 individuals equals the sum six hundred thousand dollars ($600,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

n.  The plaintiff has been defrauded by the Internal Revenue Service and Franchise Tax Board in their cooperation and their mutual failure to disclosure that plaintiff is not liable for an income tax.  The Pension fund in cooperation with the Internal Revenue Service, the California Franchise Tax Board and have continually made trespass upon the plaintiff and his property.

4.  Supplementary relief as the court deems fair and just, shall be the following:

_____

_____ .

5.  The total amount due is ($13,424,080.20) $_____ to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

6.  This order/judgment is not subject to judicial review, interpretation or appeal.

IT IS SO ORDERED this _____ day of _____ A.D. 2011.

_____
Magistrate of the Bankruptcy Court.

UNITED STATES BANKRUPTCY COURT
Central District of California
255 East Temple Street Room 940
Los Angeles (90012) California

| | |
|---|---|
| Gary Olyn Armstrong one of We the People, his heir(s), assign(s) and beneficiary(ies) as<br><br>Plaintiff(s),<br><br>vs.<br><br>Internal Revenue Service, its principal(s), his/her/their heir(s), successor(s), assign(s) and beneficiary(ies).<br><br>Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s).<br><br>Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s).<br><br>State of California Franchise Tax Board;<br><br>DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies).<br><br>ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies).<br><br>Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government,<br><br>Defendants. | Adversary Proceeding<br>Voluntary Petition<br>Chapter _____<br>Trial by Jury<br><br>No.:_____<br><br>Proposed Judgment<br><br>Motion Picture Industry Pension & Individual Account Plan and Motion Picture Industry Pension & Health Plans. |

This court has found that default judgment is proper and just and finds the following:

1. Money Judgment relief is as follows:

   a. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to return all sums of money to plaintiff that were taken from plaintiff without a court order, the sum one hundred fifty-eight thousand two hundred and seven dollars and thirty four cents ($158,207.34) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

   b. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture

Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay plaintiff treble damages the sum four hundred seventy four thousand, six hundred twenty two dollars and two cents ($474,622.02) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

c. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay plaintiff exemplary damages the sum fifty thousand dollars ($50,000.00) in gold or silver coin to plaintiff, his heir(s) agent(s) or assign(s)within thirty days of this order/judgment.

d. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay punitive damages the sum of five hundred thousand dollars ($500,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

e. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay per count the sum fifty thousand each. Total counts are ten multiplied by fifty thousand dollars ($50,000.00), resulting in payment of five hundred thousand dollars ($500,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

f. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay costs the sum seventy five thousand dollars ($75,000.00) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

g. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) shall pay attorneys fees the sum of seventy five thousand dollars ($75,000.00) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

//

2.  Declaratory judgment is as follows:

    a. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, was wrong in not protecting the plaintiff's property.

    b. The Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plan's chief counsel, Arlene Faulk Withers, was wrong when she allowed the Pension fund to breach their contract with the plaintiff.

    c. Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans Chief counsel's job is to protect the assets from all assailants and interlopers; and it is their job to seek legal protection by application to the proper court having jurisdiction over such matters. As a result, the plaintiff has suffered oppression, malfeasance by way of not stepping in to protect this member plaintiff's property.

    d. The plaintiff has been defrauded by each of the defendants cooperating with each other. Each of the defendants have failed to disclose to plaintiff that he is not liable for any income tax. The Pension fund, with cooperation of the Internal Revenue Service, the California Franchise Tax Board and Social Security Administration, have continually trespassed upon the plaintiff, his case and of the use of his property by depriving him of the use of his money.

3.  Supplementary relief as the court deems fair and just, shall be the following:

_____

_____

_____ .

4.  The total amount due is the sum ($1,832,829.36) $_____ _____ payable in gold or silver coin to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

5.  This order/judgment is not subject to judicial review, interpretation or appeal.

IT IS SO ORDERED this _____ day of _____ A.D. 2011.


                                        _____
                                        Magistrate of the Bankruptcy Court.

UNITED STATES BANKRUPTCY COURT
Central District of California
255 East Temple Street Room 940
Los Angeles (90012) California

| | |
|---|---|
| Gary Olyn Armstrong one of We the People, his heir(s), assign(s) and beneficiary(ies) as<br><br>                                    Plaintiff(s),<br><br>vs.<br><br>Internal Revenue Service, its principal(s), his/her/their heir(s), successor(s), assign(s) and beneficiary(ies).<br><br>Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s).<br><br>Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s).<br><br>State of California Franchise Tax Board;<br><br>DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies).<br><br>ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies).<br><br>Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government,<br><br>                                    Defendants. | Adversary Proceeding<br>Voluntary Petition<br>Chapter _____<br>Trial by Jury<br><br>No.:_____<br><br>Proposed Judgment<br><br>State of California Franchise Tax Board. |

This court has found that default judgment is proper and just and finds the following:

1. Money Judgment relief is as follows:

    a. The California Franchise Tax Board, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to  return all  sums of money to plaintiff that were taken from plaintiff without a court order  the sum ninety one thousand seven hundred ninety three dollars and twenty two cents ($91,793.22) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

    b. The California Franchise Tax Board, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay plaintiff treble damages the sum two hundred seventy five

thousand, three hundred seventy nine dollars and sixty six cents (\$275,379.66) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

c.  The California Franchise Tax Board, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay plaintiff exemplary damages the sum five hundred thousand dollars (\$500,000.00) in gold or silver coin to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

d.  The California Franchise Tax Board, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay punitive damages the sum of five hundred thousand dollars (\$500,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

e.  The California Franchise Tax Board, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay per count the sum fifty thousand each. Total counts are ten multiplied by fifty thousand dollars (\$50,000.00), resulting in payment of five hundred thousand dollars (\$500,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

f.  The California Franchise Tax Board, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay costs the sum seventy five thousand dollars (\$75,000.00) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

g.  The California Franchise Tax Board, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) shall pay attorneys fees the sum of seventy five thousand dollars (\$75,000.00) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

2.  Declaratory judgment is as follows:

a.  The California Franchise Tax Board, was wrong in not protecting the plaintiff's property.

b.  The California Franchise Tax Board, including their legal counsel, was wrong when they allowed the IRS, Social Security Administration and the Pension fund to breach their contract with the plaintiff.

c.  The California Franchise Tax Board, counsel's job is to protect the assets from all assailants and

interlopers; and it is their job to seek legal protection by application to the proper court having jurisdiction over such matters. As a result, the plaintiff has suffered oppression, malfeasance by way of not the agency not stepping in to protect this member plaintiff's property.

d. The plaintiff has been defrauded by the Franchise Tax Board and Internal Revenue Service in their cooperation and their mutual failure to disclosure that plaintiff is not liable for an income tax. The Pension fund in cooperation with the Internal Revenue Service, the California Franchise Tax Board and have continually made trespass upon the plaintiff and his property.

3. Supplementary relief as the court deems fair and just, shall be the following:

_____

_____

_____

_____

4. Total sum due to plaintiff the sum two million seventeen thousand one hundred seventy two dollars and eighty eight cents ($2,017,172.88) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

5. This order/judgment is not subject to judicial review, interpretation or appeal.

IT IS SO ORDERED this _____ day of _____ A.D. 2011.


_____
Magistrate of the Bankruptcy Court.

UNITED STATES BANKRUPTCY COURT
Central District of California
255 East Temple Street Room 940
Los Angeles (90012) California

| | |
|---|---|
| Gary Olyn Armstrong one of We the People, his heir(s), assign(s) and beneficiary(ies) as | Adversary Proceeding<br>Voluntary Petition<br>Chapter _____<br>Trial by Jury |
| Plaintiff(s), | |
| vs. | |
| Internal Revenue Service, its principal(s), his/her/their heir(s), successor(s), assign(s) and beneficiary(ies). | No.: _____ |
| Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s). | Proposed Judgment |
| Motion Picture Industry Pension & Individual Account Plan, including Motion Picture Industry Pension & Health Plans, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s). | DOES 1-1000<br>&<br>ROES 1-1000. |
| State of California Franchise Tax Board; | |
| DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies). | |
| ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies). | |
| Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government, | |
| Defendants. | |

This court has found that default judgment is proper and just and finds the following:

1. Money Judgment relief is as follows:

   a. The DOES 1-1000 and ROES 1-1000 its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to return all sums of money to plaintiff that were taken from plaintiff without a court order the sum one hundred eighty five thousand fifty nine dollars and seventy eight cents ($185,059.78) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

   b. The DOES 1-1000 and ROES 1-1000 its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay plaintiff treble damages the sum five hundred fifty five

thousand, one hundred seventy nine dollars and thirty four cents (\$555,179.34) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

c.  The DOES 1-1000 and ROES 1-1000 its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay plaintiff <u>exemplary damages</u> the sum five hundred thousand dollars (\$500,000.00) in gold or silver coin to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

d.  The DOES 1-1000 and ROES 1-1000 its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay <u>punitive damages</u> the sum five hundred thousand dollars (\$500,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

e.  The DOES 1-1000 and ROES 1-1000 its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay per count the sum <u>fifty thousand</u> each. Total counts are ten multiplied by fifty thousand dollars (\$50,000.00), resulting in payment of five hundred thousand dollars (\$500,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

f.  The DOES 1-1000 and ROES 1-1000 its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) is to pay <u>costs</u> the sum seventy five thousand dollars (\$75,000.00) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

g.  The DOES 1-1000 and ROES 1-1000 its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s) shall pay attorneys fees the sum seventy five thousand dollars (\$75,000.00) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

2.  Declaratory judgment is as follows:

a.  The DOES 1-1000 and ROES 1-1000 were wrong in not protecting the plaintiff's property.

b.  The DOES 1-1000 and ROES 1-1000 including their legal counsel were wrong when they allowed the IRS, Social Security Administration and the Pension fund to breach their contract with the plaintiff.

c. The DOES 1-1000 and ROES 1-1000 after taking the required oath, their job is/was to protect the assets from all assailants and interlopers; and it is/was their job to seek legal protection by application to the proper court having jurisdiction over such matters. As a result, the plaintiff has suffered oppression, malfeasance by way of his agent/servants not stepping in to protect this member plaintiff's property (Cal. Const. Art. I, section 1 and 2 (1849).

d. The plaintiff has been defrauded by each of the defendants cooperating with each other. Each of the defendants have failed to disclose to plaintiff that he is not liable for any income tax. The Pension fund, in cooperation of the Internal Revenue Service, the California Franchise Tax Board and Social Security Administration, have continually trespassed upon the plaintiff, his case and of the use of his property by breaching his contract and also by depriving him of the use of his money.

3. Supplementary relief as the court deems fair and just, shall be the following:

_____

_____

_____

_____

4. The total amount due is the sum ($2,390,239.12) $_____ payable in gold or silver coin to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

5. This order/judgment is not subject to judicial review, interpretation or appeal.

IT IS SO ORDERED this _____ day of _____ A.D. 2011.

_____
Magistrate of the Bankruptcy Court.

Gary Olyn Armstrong's Default judgment.

Form B 250B (12/09)

# United States Bankruptcy Court

_____Central_____ **District Of** _____California_____

In re  Gary Olyn Armstrong_____ ,          )          Case No. _____
                Alleged Debtor               )
                                             )          Chapter ---7---_____
Gary Olyn Armstrong_____ )
                Plaintiff                    )
                                             )
            v.                               )          Adv. Proc. No. _____
                                             )
Internal Revenue Service                     )
                Defendant                    )

RECEIVED
JUN 15 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file an answer and proof of claim to the complaint which is attached to this summons with the clerk of the bankruptcy court and serve the plaintiff a copy of your answer and proof of claim within 30 days after the date of service of this summons.

> Address of the clerk:
>
> Edward R. Roybal Federal Building and Courthouse
> 255 East Temple Street
> Los Angeles CA 90012-3332

You must also serve a copy of the your answer and proof of claim or motion upon the plaintiff or his attorney.

> Name and Address of Plaintiff or Attorney:
>
> Gary Olyn Armstrong, 8205 Santa Monica Blvd., 1-412
> Los Angeles county (90046) California.

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

> Address:                              Room:
>                                       Date and Time:

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO THE ENTRY OF A JUDGMENT BY THE PLAINTIFF OR BANKRUPTCY COURT AND A JUDGEMENT BY DEFAULT SHALL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

_____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____ (Deputy Clerk)

Form B 250B (12/09)

# United States Bankruptcy Court

_____Central_____ **District Of** _____California_____

In re  Gary Olyn Armstrong_____ ,  )    Case No. _____
         Alleged Debtor                    )
                                            )    Chapter ---7---
Gary Olyn Armstrong_____ )              )
         Plaintiff                          )
                                            )
              v.                            )    Adv. Proc. No. _____
                                            )
Douglas Shulman_____                     )
         Defendant                          )

RECEIVED
JUN 15 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file an answer and proof of claim to the complaint which is attached to this summons with the clerk of the bankruptcy court and serve the plaintiff a copy of your answer and proof of claim within 30 days after the date of service of this summons.

      Address of the clerk:

        Edward R. Roybal Federal Building and Courthouse
        255 East Temple Street
        Los Angeles CA 90012-3332

You must also serve a copy of the your answer and proof of claim or motion upon the plaintiff or his attorney.

      Name and Address of Plaintiff or Attorney:

        Gary Olyn Armstrong, 8205 Santa Monica Blvd., 1-412
        Los Angeles county (90046) California.

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

      Address:                                 Room:
                                               Date and Time:

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO THE ENTRY OF A JUDGMENT BY THE PLAINTIFF OR BANKRUPTCY COURT AND A JUDGEMENT BY DEFAULT SHALL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

                      _____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____ (Deputy Clerk)

Form B 250B (12/09)

# United States Bankruptcy Court

_____ Central _____ **District Of** _____ California _____

In re  Gary Olyn Armstrong _____ ,                    )        Case No. _____
                    Alleged Debtor                       )
                                                         )        Chapter ---7---
Gary Olyn Armstrong _____ )
                    Plaintiff                            )
                                                         )
              v.                                         )        Adv. Proc. No. _____
Motion Picture Industry Pension &                        )
Individual Account Plan                                  )
                    Defendant                            )

RECEIVED JUN 15 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file an answer and proof of claim to the complaint which is attached to this summons with the clerk of the bankruptcy court and serve the plaintiff a copy of your answer and proof of claim within 30 days after the date of service of this summons.

> Address of the clerk:
>
> Edward R. Roybal Federal Building and Courthouse
> 255 East Temple Street
> Los Angeles CA 90012-3332

You must also serve a copy of the your answer and proof of claim or motion upon the plaintiff or his attorney.

> Name and Address of Plaintiff or Attorney:
>
> Gary Olyn Armstrong, 8205 Santa Monica Blvd., 1-412
> Los Angeles  county (90046) California.

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**YOU ARE NOTIFIED** that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

> Address:                                Room:
>                                         Date and Time:

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO THE ENTRY OF A JUDGMENT BY THE PLAINTIFF OR BANKRUPTCY COURT AND A JUDGEMENT BY DEFAULT SHALL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

_____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____ (Deputy Clerk)

Form B 250B (12/09)

# United States Bankruptcy Court

_____Central_____ **District Of** _____California_____

| | |
|---|---|
| In re  Gary Olyn Armstrong _____ , | Case No. _____ |
| _____Alleged Debtor_____ | |
| | Chapter ---7--- |
| Gary Olyn Armstrong _____ ) | |
| _____Plaintiff_____ | |
| | |
| v. | Adv. Proc. No. _____ |
| State of California | |
| Franchise Tax Board | |
| _____Defendant_____ | |

RECEIVED JUN 15 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file an answer and proof of claim to the complaint which is attached to
this summons with the clerk of the bankruptcy court and serve the plaintiff a copy of your answer and proof of
claim within 30 days after the date of service of this summons.

     Address of the clerk:

     Edward R. Roybal Federal Building and Courthouse
     255 East Temple Street
     Los Angeles CA 90012-3332

You must also serve a copy of the your answer and proof of claim or motion upon the plaintiff or
his attorney.

     Name and Address of Plaintiff or Attorney:

     Gary Olyn Armstrong, 8205 Santa Monica Blvd., 1-412
     Los Angeles  county (90046) California.

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint
will be held at the following time and place:

     Address:                      Room:
                                      Date and Time:

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE
YOUR CONSENT TO THE ENTRY OF A JUDGMENT BY THE PLAINTIFF OR BANKRUPTCY
COURT AND A JUDGEMENT BY DEFAULT SHALL BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE COMPLAINT.

                      _____ (Clerk of the Bankruptcy Court)

Date: _____     By: _____ (Deputy Clerk)

Form B 250B (12/09)

# United States Bankruptcy Court

_____Central_____ **District Of** _____California_____

In re  Gary Olyn Armstrong _____ ,                    )        Case No. _____
           Alleged Debtor                                )
                                                         )        Chapter ---7---
Gary Olyn Armstrong _____ )                            )
           Plaintiff                                     )
                                                         )
           v.                                            )        Adv. Proc. No. _____
                                                         )
DOES  1-1000 _____                             )
           Defendant                                     )

RECEIVED
JUN 15 2011
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file an answer and proof of claim to the complaint which is attached to this summons with the clerk of the bankruptcy court and serve the plaintiff a copy of your answer and proof of claim within 30 days after the date of service of this summons.

          Address of the clerk:

          Edward R. Roybal Federal Building and Courthouse
          255 East Temple Street
          Los Angeles CA 90012-3332

You must also serve a copy of the your answer and proof of claim or motion upon the plaintiff or his attorney.

          Name and Address of Plaintiff or Attorney:

          Gary Olyn Armstrong, 8205 Santa Monica Blvd., 1-412
          Los Angeles  county (90046) California.

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

          Address:                                    Room:
                                                       Date and Time:

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO THE ENTRY OF A JUDGMENT BY THE PLAINTIFF OR BANKRUPTCY COURT AND A JUDGEMENT BY DEFAULT SHALL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

                    _____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____, (Deputy Clerk)

Form B 250B (12/09)

# United States Bankruptcy Court

_____Central_____ **District Of** _____California_____

In re  Gary Olyn Armstrong_____ ,          )      Case No. _____
            Alleged Debtor             )
                                      )      Chapter ---7---

Gary Olyn Armstrong_____ )
            Plaintiff                        )

                            v.                     )      Adv. Proc. No. _____

ROES 1-1000_____
            Defendant                   )

**RECEIVED JUN 15 2011**

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file an answer and proof of claim to the complaint which is attached to this summons with the clerk of the bankruptcy court and serve the plaintiff a copy of your answer and proof of claim within 30 days after the date of service of this summons.

         Address of the clerk:

         Edward R. Roybal Federal Building and Courthouse
         255 East Temple Street
         Los Angeles CA 90012-3332

You must also serve a copy of the your answer and proof of claim or motion upon the plaintiff or his attorney.

         Name and Address of Plaintiff or Attorney:

         Gary Olyn Armstrong, 8205 Santa Monica Blvd., 1-412
         Los Angeles county (90046) California.

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

         Address:                                    Room:
                                                     Date and Time:

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO THE ENTRY OF A JUDGMENT BY THE PLAINTIFF OR BANKRUPTCY COURT AND A JUDGEMENT BY DEFAULT SHALL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

                            _____ (Clerk of the Bankruptcy Court)

Date: _____       By: _____ (Deputy Clerk)