| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>GARY OLYN ARMSTRONG<br>8205 Santa Monica Bl. 1412<br>Los Angeles, California.<br><br><br><br>☐ *Attorney for Plaintiff(s)*<br>☑ *Plaintiff(s) appearing without attorney* | FOR COURT USE ONLY<br><br><br>**FILED**<br>JUL 1 9 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES _____ DIVISION

| | |
|---|---|
| In re:<br><br>GARY OLYN ARMSTRONG<br><br>Debtor(s). | CASE NO.: 211-bk-35606 – *BB*<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: 211-ap-02358 |
| GARY OLYN ARMSTRONG<br><br>Plaintiff(s),<br><br>vs.<br><br>Internal Revenue Service et al.<br><br>Defendant(s). | **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)**<br><br><br>[No Hearing Required] |

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought (*specify name*): INTERNAL REVENUE SERVICE

2. Plaintiff filed the Complaint in this adversary proceeding on (*specify date*): 6/15/11

3. The Summons and Complaint were served on Defendant by   ☐ Personal Service   ☑ Mail Service
   on the following date (*specify date*): 6/21/11

4. A conformed copy of the executed service of Summons form is attached hereto.

5. The time for filing an Answer or other responsive pleading expired on (*specify date*): 7/18/11

6. No Answer or other responsive pleading has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.

Dated: 7/19/11

By: *Gary Olyn Armstrong*

Type Name: gary olyn armstrong.

*Plaintiff or Attorney for Plaintiff*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 1                     **F 7055-1.1.REQ.ENTER.DEFAULT**

# DISTRICT COURT OF THE UNITED STATES
## — BANKRUPTCY—
255 East Temple Street Room 940
Los Angeles (90012) California

| | |
|---|---|
| Gary Olyn Armstrong, his heir(s), assign(s) and beneficiary(ies) | Bk No.: 211-bk-35606)<br>Adversary No.:211-ap-02358 |
| Plaintiff(s),<br>vs. | Declaration of Gary Olyn Armstrong in support of request for entry of default judgment against |
| Internal Revenue Service, its principal(s), his/her/their heir(s), successor(s), assign(s) and beneficiary(ies). | INTERNAL REVENUE SERVICE |
| Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s). | |
| Motion Picture Industry Pension & Individual Account Plan including Motion Picture Industry Pension Health Plan, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s). | |
| State of California Franchise Tax Board; | |
| DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies). | |
| ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), assign(s) and beneficiary(ies). | |
| Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government, | |
| Defendants. | |

I/Me Gary Olyn Armstrong declare as follows:

1. I am over the age of eighteen years; mentally competent; I am the plaintiff in this matter; I have personal or first-hand knowledge of the facts stated herein and if called as a witness, I shall do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of my Verified Complaint against Internal Revenue Service; Douglas Shulman Commissioner of the Internal Revenue

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT 1

27
28

1

UNITED STATES BANKRUPTCY COURT
Central District of California
255 East Temple Street Room 940
Los Angeles (90012) California



FILED

JUN 15 2011

CLERK U S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

2

3

Gary Olyn Armstrong one of We the People, his heir(s),
assign(s) and beneficiary(ies) as

4

Plaintiff(s),

5

vs.

6

Internal Revenue Service, its principal(s), his/her/their
heir(s), successor(s), assign(s) and beneficiary(ies).

7

Douglas Shulman, Commissioner of the Internal Revenue
Service, his heir(s), beneficiary(ies) and assign(s).

8

9

Motion Picture Industry Pension & Individual Account
Plan, including Motion Picture Industry Pension &
Health Plans, its principal(s), his/her/their heir(s),
successor(s), beneficiaries and assign(s).

10

11

State of California Franchise Tax Board;

12

DOES 1-1000 and its, his/her/their principal(s), heir(s),
successor(s), assign(s) and beneficiary(ies).

13

ROES 1-1000 and its, his/her/their principal(s), heir(s),
successor(s), assign(s) and beneficiary(ies).

14

15

Each in their personal and official capacities as Internal
Revenue Service Agent(s) and or Employee(s) thereof;
and/or as employed by the Federal Treasury or of a
State branch of government,

16

17

Defendants.

18

---

Adversary Proceeding
Voluntary Petition
Chapter 7
Trial by Jury
Plaintiff's Social Security No.: 4622.

No.: 2:11-ap-02358 BB

VERIFIED COMPLAINT

Common counts:

Fraud;
Breach of Contract;
Perjury of Oath of Office;
Stealing;

Statutory counts:

Failure to adhere to the rules regulations
and procedures in the assessment and
collection of taxes;

Wrongful collection(s) in conjunction
with violating :

18 U.S.C. § 241 and/or
18 U.S.C. § 242
5 U.S.C. § 706;
Statute of frauds;
Statute of limitations;

Judicial Review of Evidence after
Discovery;

Discovery of unnamed, misnamed persons
or persons who use fictitious names.

Recovery of wrongful collections, treble
damages, exemplary damages, punitive
damages

Injunctive relief relative to past, current
and future allegations of tax liabilities.

19

20

21

22

23

24

25

26          //
            //
27          //
            //
28          //

contrary to constitutional right, power, privilege, or immunity; and, since the agency was in excess of statutory jurisdiction, authority or limitations, it has failed to observe procedure as required by law, and such actions as issuing notices of lien or levy, which are unsupported by substantial evidence; and, that show that such acts were unwarranted by the facts; wherefore, these matters are subject to trial de novo by this reviewing court.

1.8     26 U.S.C. § 7433 authorizes the commencement of a suit for damages for disregard for "**any provision of this title**"; and, **26 U.S.C. §7214 specifically provides that when an agent of the United States** who demands greater or other sums than are allowed by law shall be discharged from employment. Acts complained of include those committed by the defendants in San Juan Puerto Rico, Washington D.C. and/or Washington City, Los Angeles (county), Fresno (county), San Diego (county) California, Ogden Utah, and State of California. This Court has jurisdiction and venue is proper.

1.9     Plaintiff charges that, from this statutory framework, it is easy to surmise that a suit for damages is removed from a suit to restrain the assessment or collection of taxes, *and for stronger reasons (a fortiori)*, 26 U.S.C. §7421 is inapplicable.

1.10    The Defendants are in total disregard for, and in violation of 26 U.S.C. §83(a), §162, §183 §212, §871, §6201(a), §6211, §6212, §6213, §7214 and §7401, §7403, including  26 C.F.R. 601.106(f)(1). Through such conduct the Defendants have damaged the Plaintiff in his property, his privacy, and his right to happiness and against forced association, in violation of Amendments I, IV, V to the U.S. Constitution.

## II. PARTIES &  RELEVANT FACTS

2.1     Gary Olyn Armstong ("Plaintiff or Armstrong")  takes up housekeeping in Los Angeles county california, and his mailing address for the purposes of this action is: 8205 Santa Monica Blvd 1-412, Los Angeles (90046) California. Plaintiff does not have as a utility a telephone, nor is telephone or facsimile service available immediately available to for service of process; and, plaintiff does not own a computer nor does he have internet service.

2.2     Defendants set forth below are public servants, have sovereign power that has been delegated to them; and, are individuals who are sued as  such, in their official  and personal capacities :

2

a.  Internal Revenue Service ("IRS") (DUNS # 040539587) - true address is unknown to plaintiff, plaintiff believes the IRS is domiciled in San Juan Puerto Rico and receives correspondence at Post Office Box 9024140, as principal;

1) Plaintiff believes that the IRS is not part of the government of the united states.

2) Plaintiff believes that the IRS is a private corporation.

3) Plaintiff believes that this defendant through participation or non-participation either singly or in conjunction with the other employees (below) culminated such acts of fraud and deceit by assisting with effecting the collection of money through manufactured documents whereby collecting money on mere notice(s) of levy(ies) and/or lien(s), from 2006, for periods 1991 forward, inter-alia violated and continue to violate:

   A) Statute of limitations
   B) Statute of frauds
   C) Failure to adhere to the rules regulations and procedures in the assessment and collection of taxes;
   D) Wrongful collection(s) in conjunction with violating *inter-alia* :
      1) 18  U.S.C. § 241  and/or
      2) 18  U.S.C. § 242
      3) 31  U.S.C. § 742
      7) 5  U.S.C. § 706;

4) This defendant and its employees by creating instruments that have no foundation supporting said taking, who then unlawfully deprived the plaintiff from use of his money by unlawfully inducing third parties (MPIPHP & SSA) to transfer said money from plaintiff to the defendant's name, by and through the unlawful use of notice(s) of lien or levy without commencement of a civil judicial action, which from the commencement of these overt acts through to the time of the last overt act perpetuating the fraud (May 2011), the defendant or by allowing an employee or employees has, through a series of exchanges and transactions laundered the money through IRS'S employees who have aided in collection activity(ies); and, the conduct of this defendant was and continues as an international misrepresentation, deceit and concealment of material facts known to the defendant with intention on his/her/its part to deprive plaintiff of his property and/or legal rights;  and,

3

also causing injury to plaintiff, which has subjected plaintiff to cruel and unjust hardship in conscious disregard of his rights, so as to justify an award of full recovery of all amounts taken, treble damages including exemplary and punitive damages.

b. Douglas Shulman, Commissioner of the Internal Revenue Service ("Commissioner"), as principal, who is domiciled at: 1111 Constitution Avenue N.W. Washington D.C. 20224. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein in connection with the following employees:

1. Glen Coles, Area Director, Internal Revenue Service ("Coles"), as an employee is domiciled at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

2. Sandra Fleming, Territory Manager, Internal Revenue Service ("Fleming"), as an employee who is domiciled at: 300 North Los Angeles Street, Los Angeles, California 90012. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

3. D. Frank, Group manager, Internal Revenue Service ("Frank"), as an employee who is domiciled at: 225 West Broadway 3rd Floor, Glendale California 91204. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

4. Ted Hanson, Agent # 95-05781, Internal Revenue Service ("Hanson"), as an employee who is domiciled at: 225 West Broadway 3rd Floor, Glendale, California 91204. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

5. William O'Neill, Appeals Team Manager, Internal Revenue Service ("Oneal"), as an employee who is domiciled at: 2525 Capitol Street, Fresno, California 93721 or, at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

4

6.    J. Scheline, Appeals Team, Internal Revenue Service ("Scheline"), as an employee who is domiciled at: 2525 Capitol Street, Fresno, California 93721 or at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth below.

7.    Corina Mullins #0190535 Appeal Officer, Internal Revenue Service ("Mullins"), as an employee who is domiciled at: 2525 Capitol Street, Fresno, California 93721 or, at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein. Further, Mullins as a CDP hearing officer, failed to get plaintiffs permission for a correspondence based hearing, and over the objections, made findings against plaintiff in April 2011.

8.    Susan Meredith, Operations Manager, Collection Internal Revenue Service ("Meredith"), as an employee who is domiciled at: 2525 Capitol Street, Fresno, CA 93721 or, at: 855 M Street, Fresno California 93721. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

9.    C. John Crawford, Director SB/SE California Collection Area 7, Internal Revenue Service, as an employee who is domiciled at: 1301 Clay Street, Oakland, California 94612. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

10.    Dorothea T. Curran #95-08088, Taxpayer Advocate Services, Internal Revenue Service ("Curran"), as and employee who is domiciled at: 300 North Los Angeles Street 6710, Los Angeles, California 90012-3363. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

11.    Maureen Green #29-12033, Operations Manager, Internal Revenue Service ("Green"), as an employee who is domiciled at: 1973 North Rulon White Blvd., 4388, Ogden Utah, 84201. Plaintiff hereby

incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth herein.

c.   Motion Picture Industry Pension & Individual Account Plan ("MPIPHP"), principal for breach of contract; as accessary as to other crimes/violations who is domiciled at: 11365 Ventura Blvd. # 300, Studio City, California 91604; and their employee:

1.   Arlene Falk Withers ("Withers"), is an employee of MPIPHP helped MPIPHP breach the contract; as accessary to the IRS, is believed to be Chief counsel, Administrative Director of Motion Picture Industry Pension & Individual Account Plan, domiciled at: 11365 Ventura Blvd. #300, Studio City, California 91604;

d.   State of California Franchise Tax Board ("FTB"), as principal who is domiciled at:   300 South Spring Street, Suite 5704, Los Angeles, CA 90013-1265. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth below; and their employee:

1.   Mr. Nguyen, Accounts Receivable, an employee of the Franchise Tax Board ("NGUYEN"), who is domiciled at: 3321 Power Inn Road, Suite 250, Sacramento, California 95826. Plaintiff hereby incorporates by reference item 2.2 b as though fully set forth, including general and specific allegations set forth below.

e.   Social Security Administration, principal for breach of contract; as accessary as to other crimes/violations who is domiciled in California, at: 1122 North Vine Street, Hollywood, California 90038;

f.   DOES 1-1000 ("DOES"), are men/women or entities that unknown to plaintiff at this time, as principal or accessary who is domiciled at: an unknown, yet to be determined location;

g.   ROES 1-1000 ("ROES"), are men/women or entities that unknown to plaintiff at this time, as principal or accessary who is domiciled at: an unknown, yet to be determined location;

### III. SUBSTANTIVE FACTS

3.1   The defendant by and through its process of issuing notices of lien or levy(ies) upon

plaintiff's pensions without any lawful court process, without judgment or warrant has since February 2006 through June 2006, taken the sum $164,625.58.

3.2  The Defendants are being sued in his/her/their official and personal capacities for damages to plaintiff pursuant to 26 U.S.C. § 7433, for it will be shown that while in total disregard for plain statutory language, he/she/they have engaged in a pattern of harassment and seizure of property not owned by the defendants (Title 26 United States Code).

3.3  Plaintiff has all times been in compliance with what each of the defendants know to be the requirements it imposes, upon natural and upon artificial persons, while itself being wholly unable to discuss particular, certain, applicable tax provisions (See 26 U.S.C. §§ 83(a) as it relates to intangible property "paid" for compensation, 1402(b), 3121(e), 3306(j); 26 C.F.R. 1.83-3(g), and 602.101, and, for higher reasons (*a fortiori*), 18 U.S.C. § 2384).

3.4  We have experts who have conducted analysis and review of tax matters now in controversy. These <u>determinations</u> show the inapplicability of the tax that has been wrongfully imposed.

3.5  The IRS has failed in presenting proper ascertainment, computation assessment, and has collected specific dollar amounts, which are improper.

3.6  The IRS and its employees have failed and continue failing to properly follow proper procedure, and have failed to observe filing dates, deadlines and time lines; and failure of the supervisors and principal to provide proper oversight; and, by such details, will serve to unduly burden the Court; and, by introduction of details shall serve to obscure the plain violations of due process to which this entire controversy can be attributed. Plaintiff's experts are recognized by the defendants as having been <u>qualified</u> for offering their services as tax return preparers, CPA'S or other authorities who give service to the public; and, these experts have followed to the letter, those equations and methods now accepted as standard conclusory methods in the making of *bona-fide* determinations of income tax liabilities.

3.7  Resolution of this matter is as easy as airing the evidence and setting about proving that the IRS has failed to properly ascertain the type and character of the tax, and whether the plaintiff is liable under the specific character; and, whether the law has been mis-applied; whether service was proper; whether the Secretary has jurisdiction to make an assessment. Only one side of this controversy is entirely

mistaken, which plaintiff and his experts believes is the IRS.

3.8   While Plaintiff seeks review of these matters and the award of damages deemed appropriate and just at the close of proceedings if plaintiff prevails, plaintiff expects the Defendants to hide behind 26 U.S.C. §7421 and 26 U.S.C. §6213; when, in fact, statutory pre-requisites to such have been wholly skipped in Defendants procedural method(s). The fact that the plaintiff has not exploit Tax Court as invited by the defendants' Notice(s) of Deficiency is irrelevant, since there have been egregious errors and omissions in due process procedures that led up to the notice itself, as whether the defendants' "determination" of tax liability violated statute in the first place; due process prevails.

3.9   Proper steps for collection activity must be followed pursuant California state and federal law, are as follows:

1) 26 U.S.C. 6331 states: If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia by serving a notice of levy on the employer of such officer, employee, or elected official." By statutory construction, a levy can only be made on an officer, employee or elected official employed by the United States or those officers, employees in the District of Columbia.

2) Should any taxpayer fail to pay after the ten (10) day notice, the Secretary must then make an assessment.

3) The Secretary must then draw up a complaint, go to Tax Court and file it.

4) The Secretary must then have the Tax Court issue a subpoena.

5) The Secretary must have the Sheriff in the county serve the subpoena and complaint upon the alleged taxpayer.

6) The court may, if the taxpayer has failed to plead within the time allowed, enter judgment for the taxes.

7) Upon entry of judgment, the Secretary must apply to court for an abstract of judgment. When the Secretary has received the abstract, he must then-

8) Apply to the court for a writ of execution, then appoint a-

9) Levy officer, whom must then-

10) Execute the provisions of the judgment, writ of execution, and obtain all the items as set forth in the prayer of the complaint/judgment; and those items specified in the writ and instructions.

Since the plaintiff is not liable under §6331, nor is he an officer, employee or elected official of the United States or District of Columbia, no levy is applicable. Furthermore, failure by the IRS and FTB to properly follow the procedures just outlined, constitutes unlawful takings, and any process that abrogates the above process, such process is then a nullity, and unlawful *ab nitio*; a violation of due process.

3.10    In this matter each of the defendants either singly or together did not follow the proper steps outlined in 3.8 et seq. above, wherefore each defendant violated 18 U.S.C. § 242, 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957 and/or 12 U.S.C. § 411, and/or 31 U.S.C. § 742, and/or 5 U.S.C. § 706 in their collection process.

3.11    The plaintiff believes that when any of the Treasury or IRS, their agents or employees fail in providing due process violated Amendment V to the constitution, and fail to protect the people in pursuance of their constitutional oath(s) of office violating and their oath as required and set forth in the First Session of Congress, Statute I, chapter I, and when they additionally fail to comply with well established procedure for judicially settling civil tax matters, as outlined above, and each subsequently receive funds obtained after serving their notices of lien or levy, (in this matter the MPIPHP and Social Security Administration), when any funds are received each employee involved in the successful recovery of taxes, he / she receives a percentage thereof, as a reward.

3.12    When the defendants receive their money and bonuses from employment, each of the said defendants then co-mingles said funds in accounts that have their significant other as co-signers on the account.

3.13    After the defendants co-mingle said employment money, their significant other then goes out and makes purchases that are then jointly used for their household.

3.14   After the principals and their significant others have made all the purchases, used the bought items either singularly or jointly, said proceeds have thus become laundered.

## MOTION PICTURE INDUSTRY PENSION PLAN - BREACH OF CONTRACT

3.15   The Motion Picture Industry Pension Plan started on October 26, 1953, and the Motion Picture Industry Individual Account Plan on August 1, 1979. Pension payments from the Pension Plan began on January 1, 1960.

3.16   On and after October 28, 1990, all contributions received by the Pension Plan (other than Unclaimed Vacation & Holiday Pay) are Employer contributions. (Prior to October 28, 1990, 16.4¢/ hour was deducted from Participant paychecks each pay period and remitted to the Motion Picture Industry Pension Plan toward individual pensions.) The IAP is also 100% Employer-funded.

3.17   The MPIPHP was established in 1953 . The MPIPHP, as it is known today, is responsible for the contracted payment and care of movie industry employees, including many infirmed and retired individuals that have worked in all phases of the movie and entertainment industry.

3.18   The plaintiff before starting work in the movie industry as far back as 1943, was required to join and contract with a labor union, pay initiation fees.

3.19   The plaintiff and the International Cinematographers Guild, contractually agreed that when the plaintiff worked, after qualifying; and, by working a certain set or amount of pre-defined hours; and, after plaintiff paying a certain amount of union dues quarterly, plaintiff would receive as part of compensation for private sector employment, a health and/or retirement benefit.

3.20   The plaintiff after working all of the hours, and after paying all the dues set by contract, qualified for health and pension benefits in June 1999.

3.21   The plaintiff upon retiring in June 1999 received a monthly payment and continued to receive a monthly check from MPIPHP, the sum $2,292.86 until February 2006, which is when MPIPHP breached the contract. The breach has continued monthly to this day.

3.22   From February 2006 through this present day, May 2011, the MPIPHP has failed to perform said contract by delivering $2,292.86 to plaintiff monthly; and, MPIPHP is

now in arrears and owes plaintiff the sum approximately one hundred and fifty five thousand nine hundred fourteen thousand dollars and forty-eight cents ($155,914.48)+.

3.23  The plaintiff since the year 2006 has repeatedly telephoned and sent much correspondence requesting the MPIPHP and their Chief legal counsel Arlene Withers to furnish payments that have become delinquent or are now due and payable.

3.24  The defendant MPIPHP has failed and continues to fail in performing its contract.

3.25  Attorney-employee Arlene Withers as chief counsel to MPIPHP is knowledgeable in the law.

3.26  Arlene Withers as an attorney, has taken an oath as required by Art. XI, section 3 of the constitution of the state of California (1849), the First Session of Congress, First Statute, First Chapter, to support and defend the constitution, the people who are the beneficiaries thereof, of which plaintiff is a beneficiary. Since Arlene Withers has personal and first hand knowledge, studied and received a degree in law, Ms. Withers knows that before anyone can take property from another, they must first follow steps set forth in 3.9: 1-10 above, before anyone may lawfully take another's property.

3.27  Plaintiff has not resumed working in the industry since retiring.

## SOCIAL SECURITY ADMINISTRATION - BREACH OF CONTRACT

3.28  The plaintiff and defendant, the Social Security Administration, entered into a written agreement/contract with plaintiff in 1943 wherein plaintiff would pay a sum of money in exchange for retirement benefits. The face value included cost of living adjustments to be paid upon retirement in 1999. In 2006, plaintiff received $1,474.00 monthly, then in 2007 was $1520.00, then in 2008, was $1554.00, then in 2009, 2010 and 2011 was $1650.00, totalling $8686.10 since 2006 forward.

3.29  I paid all the premiums required to qualify.

3.30  In the year 1999 I retired.

3.31  In 1999 the Social Security Administration through the Department of the Treasury started paying me the sums set forth in 3.28 above.

Gary Olyn Armstong Adversary Complaint          11

3.32    In 2006 the Social Security Administration stopped sending me what was contractually owed to plaintiff, and such conduct has continued through to this present day, whereby such conduct has constituted breach of contract.

3.33    The MPIPHP breached their contract with plaintiff starting February 2006, when the MPIPHP failed to send me the money they promised by contract, and MPIPHP continues to breach the contract as of this day.

3.34    The Social Security Administration failed in their duty to check to see if the levy was properly being administered or valid.

3.35    As of this day, the Social Security Administration, due to breach of contract, now owes me the sum $8686.10 since 2006.

## IRS EMPLOYEE VIOLATIONS
### Common counts

3.36    Each of the following defendant employees of the IRS listed in 2.2: a, b, have either separately or jointly violated the following in regard to the allegations set forth in this complaint, for wrongful assessment and unlawful collection(s) of undue taxes in conjunction with e.g., : a) Fraud, b) Breach of Contract (oath of office),

### Statutory counts:

3.37    Each of the following defendant employees of the IRS listed in 2.2: a, b, have either separately or jointly violated the following in regard to the allegations set forth in this complaint, for wrongful collection(s) in conjunction with e.g., Failure to adhere to the rules regulations and procedures in the assessment and unlawful collection of undue taxes thereof: a) Perjury of oath of office, b) 18 U.S.C. 241, c) 18 U.S.C. 242, d) 12 U.S.C. 411, e) inter-alia violated sections (A), (B), (C) (D), (E), (F) of 5 U.S.C. 706 necessitating judicial determination.

## DOES and ROES VIOLATIONS

3.38    Each DOE and each ROE are unknown at present to the plaintiff in this matter. Plaintiff does not know where any DOE or ROE is residing or where they are domiciled. Plaintiff at this time believes that these DOES and ROES are principals singularly or jointly are connected with the violations set forth in this complaint; and, believes that each has some sort of role principally or as an accessary hereto. Plaintiff is unsure whether each defendants residence is correctly set forth herein, as

it is common for government servants to hide their residency, use fictitious names and addresses and even go so far as manufacturing evidence when it suits their needs. Plaintiff reserves the right to supplement this complaint when he learns who these individuals are after completion of the initial stage of discovery.

## INJUNCTIVE RELIEF

3.39   This Court can see by now the undue peril to Plaintiff's rights of property; and, the failure of the IRS and FTB to give due process. The Defendants continue to pursue garnishments that are 85% higher than what private qualified experts say are his liabilities, if the plaintiff was a government sector employee. However, the IRS and FTB have continually violated due process and have unduly made him liable to pay these excessive amounts before bringing suit, which is a violation of due process, of the first order. The review sought by this action constitutes mere due process. If Plaintiff can prove by his experts, that he owes what the experts indeed believe are his duties, where is due process (the Constitution) when Defendants are allowed to proceed against his rights to property, when no court has adjudicated the matter? Plaintiff knows that this Court sees the Constitution as superior to any statutory bar to review now sought, and that his positions are not frivolous in the least.

> 26 U.S.C. §7433. Civil damages for certain unauthorized collection actions. **(a)** In general. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, **disregards any provision of this title, or any regulation** promulgated under this title, **such taxpayer may bring a civil action for damages against the United States** in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

3.40   The Defendants will not and can not prove in open court and on the record, that they have strictly complied with the law. And after considering all relevant facts and statutes, documents and records provided by IRS, the IRS and employees will prove that by their indifference and lack of regard to the law, they will fail.

3.41   Plaintiff maintains that he is the victim of an exaction on the part of Defendants and that amounts collected and sought to be collected, by distraint or otherwise, are not those amounts imposed by law, and that this renders Defendants liable for damages and each of the Defendants jobless, in any *nation of laws*. The subject assessment is not entitled to the presumption of

correctness, and Plaintiff's having allowed Tax Court's invitation to lapse changes nothing. Indeed, approx. $155,000.00 (U.S.) listed on Plaintiff's IMF (individual master file) is mis-labeled but is included in gross income by Defendants.

3.42    Further, the defendants have freely document their effort to place erroneous unlawful lien(s) or levy(ies) on property owned by the plaintiff, or property believed to be plaintiff's. Each of the defendants claim(s), notice(s) of lien and levy(ies) are unsubstantiated claims, and as such, fail to identify any docket number that references any court proceeding(s) that would prove that such lien(s) or levy(ies) are lawful, leaving this plaintiff suing for injunctive relief as the plaintiff's only option:

> § 7403. Action to enforce lien or to subject property to payment of tax. **(a)** Filing. In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, **the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title** with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated as a neglect to pay tax.

3.43    The object of the subject notices of lien(s) and levy(ies) wielded by defendants have been effective for their collection purposes, but are void on their face, since they cannot enter any proof on the record of having followed a proper course in procuring any bona-fide judgments which would then make said lien(s) or levy(ies) enforceable and proper. The manner and method of acquiring these pretended liens or levies and unlawful seizures made thereunder, were done from the outset, in total disregard for law and well established procedure which was required to be completed before the seizure of the plaintiff's property. The failure by the IRS and FTB to follow precisely well established procedure constitutes grounds for relief under §7433, which requires only that a relevant provision of procedure be disregarded.

## IV.  CONCLUSIONS.

4.1    It is established that there are procedural requirements that must be met before any property may be taken.

4.2  It is established that the defendants have failed to properly commence a lawsuit, serve the plaintiff and obtain judgment before they licned or levied the plaintiffs property.

4.3  It is clearly established that the IRS and FTB have failed to and can not: a) substantiate their claims, b) give due process hearings, c) violated statute of limitations in collection matters, d) prove plaintiff is "tax protestor."

4.4  Defendants prior to this day have been operating and continue to menace the plaintiff.

4.5  Defendants prior to this day have been and continue operating to destroy plaintiff's future, while failing to rebut any assertions made by the plaintiff and have exhibited only defiance and committed retaliatory acts as to what the plaintiff knows to be his rights under the law.

4.6  The defendants have perjured their oaths of office by committing the acts set forth above.

4.7  This court must provide injunctive relief since the defendants have each egregiously violated due process and shown disregard for the law and well established procedures and will continue to disregard due process and law if no injunctive relief is given, and the plaintiff will continue to suffer and will be irreparably be harmed and homeless if no injunctive relief is provided.

## V. RELIEF.

5.1  Plaintiff seeks the court to issue judgement on the following issues:

a. Declare that Gary Olyn Armstrong does not owe any taxes for the years 1991 through 2011; and declare that said notices or liens or levy(ies) are unsupported by judgment and are void, wherefore, all items supporting the pretended notices must be expunged.

b. Declare that the defendants are guilty of abuse of process, unlawful tax collection or assistance thereof;

c. Declare that the defendants are guilty of perjury as to their oath of office;

d. Declare that the defendants are guilty either singly or conspiratorily acting to deprive the plaintiff of his right of due process;

e. Declare that the defendants are guilty of gross negligence in their job capacities;

f. Declare that the defendants are guilty of unlawful taking of another's property;

g. Declare that the defendants are guilty of falsely preparing substitute returns;

h. That the defendants are guilty of unjust enrichment;

i. That the IRS is permanently enjoined from sending notices of lien(s) or levy or liens or levy to the MPIPHP or SSA that are not supported by a bona fide judgment issued from a court of competent jurisdiction.

5.2    Plaintiff seeks award of relief as follows:

a.    Injunctive relief, Recovery of all money  $181,921.12, including treble damages, exemplary damages, including any other relief the court deems proper and just for the years 1991 through 2011  where IRS took his funds/credits or money due that were unlawfully taken or were restrained by IRS and defendants for improper collections, failure by each of the defendants to give due process or investigate whether the claims were bonafide.

b. Declare that the proposed collections for years 1991 through 2011 be declared null and void and said items are to be expunged, and enjoined from collection unless supported by a judgment issued from a court of competent jurisdiction.

c. restitution jointly, or severally from the following individuals:

    Internal Revenue Service,

    Douglas Shulman, Commissioner of the Internal Revenue Service,

for treble damages including  additional annual interest rate of ten percentum compounded daily computed from February 1, 2006 to present

c. Exemplary damages based upon verdicts.

5.3    Plaintiff seeks award of injunctive relief, the sum two hundred fifty thousand, daily interest rate of ten percentum per annum, treble damages, exemplary damages based on recent verdicts, any other supplemental relief as the court deem proper and just, from the following defendants:

        1. Motion Picture Industry Pension & Individual  Account  Plan
        2. Arlene Withers

5.4    Plaintiff seeks award jointly and severally for injunctive relief, the sum two hundred fifty thousand, daily interest rate of ten percentum per annum, treble damages, exemplary damages based on recent verdicts, any other supplemental  relief as the court deems proper and just,  from the following defendants:

        State of California Franchise Tax Board

including unjust enrichment.

5.5    If found to have demanded more or other sums than are imposed by law, Plaintiff seeks an Order from this Court discharging, or one ordering the discharge of, Defendants from employment by the United States under 26 U.S.C. §7214.

## VI.  VERIFICATION.

I, Gary Olyn Armstrong, the plaintiff, do hereby declare under penalties of perjury (28 U.S.C. §1746) that the foregoing accounting of facts are true and correct to the best of my knowledge, not misleading, and as to those based upon belief, I believe them to be true. I believe that I am entitled to the relief requested herein.

California state         ]

                              SS.

Los Angeles county      ]

### JURAT

Subscribed and sworn to before me on this _____ day of May 2011 by Gary Olyn Armstrong, who is personally known to me, or proved to me on the basis of satisfactory evidence to be the man who appeared before me.

(Seal)

_____

Notary public.


_____

Notary signature


Executed this _____ day of May A. D.  2011.

                                              **Seal**

Signed by :       _____

                    Gary Olyn Armstrong,  Affiant/Plaintiff.

                    c/o 8205 Santa Monica Blvd., 1412

                    Los Angeles (90046)  California.

### —END—

# DISTRICT COURT OF THE UNITED STATES
## — BANKRUPTCY—

255 East Temple Street Room 940

Los Angeles (90012) California

| | |
|---|---|
| Gary Olyn Armstrong, his heir(s), assign(s) and beneficiary(ies) | **Memorandum of Points & Authorities** |
| Plaintiff(s), | **Supporting** |
| vs. | **Adversary Proceeding** |
| Internal Revenue Service, its principal(s), its heir(s), successor(s), assign(s) and beneficiary(ies). | Voluntary Petition |
| Douglas Shulman, Commissioner of the Internal Revenue Service, his heir(s), beneficiary(ies) and assign(s). | No.:_____ |

Motion Picture Industry Pension & Individual Account Plan including Motion Picture Industry Pension Health Plan, its principal(s), his/her/their heir(s), successor(s), beneficiaries and assign(s).

California Board of Equalization, Selvi Stanislaus

State of California Franchise Tax Board;

DOES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), - assign(s) and beneficiary(ies).

ROES 1-1000 and its, his/her/their principal(s), heir(s), successor(s), - assign(s) and beneficiary(ies).

Each in their personal and official capacities as Internal Revenue Service Agent(s) and or Employee(s) thereof; and/or as employed by the Federal Treasury or of a State branch of government

Defendants.

//
//
//
//
//
//
//
//

Gary Olyn Armstong Adversary Complaint

## MEMORANDUM of POINTS & AUTHORITIES

Inasmuch as this complaint which seeks to maintain an action, and inasmuch Plaintiff would ask the Court to consider these authorities to see the foundation of this claim for damages. Defendants' requirements relating to how they must establish whether one owes or has no liability are firmly established law.

## A. RELEVANT CASE LAW

1. §6212. Notice of deficiency **(a)**. In general.- If the Secretary **determines** that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

2. § 6201. Assessment authority **(a)**. Authority of Secretary. The Secretary is authorized and required to make the **inquiries, _determinations_, and assessments** of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law.

3. 26 C.F.R. 601.106(f)(1) Rule 1. **An exaction** by the U.S. Government, **which is not based upon law, statutory or otherwise**, is a taking of property without due process of law, in violation of the 5th Amendment to the U.S. Constitution. **Accordingly**, an appeals representative in his or her conclusions of fact or application of the law, **shall hew to the law and the recognized standards of legal construction**. It shall be his or her **duty to determine the correct amount of the tax, with strict impartiality as between the taxpayer and the Government**, and without favoritism or discrimination as between taxpayers.

4. The presumption of correctness enjoyed by the IRS disappears upon introduction of evidence to the contrary, a "determination" of tax liability must be the result of a consideration of all relevant facts and statutes[1]. In _Portillo v. CIR_, 932 F.2d 1128 (CA5 1991), abuses of discretion set this standard on its head.

5. "Ramon and Dolores Portillo live in El Paso and own a small house painting business. The 1984 tax return filed by the Portillos reports that $10,800 was received from Mr.

---

[1] See _Hughes v. U.S._, 953 F.2d 531 (CA9 1992); _Portillo v. CIR_, 932 F.2d 1128 (CA5 1991); _Elise v. Connett_, 908 F.2d 521 (CA9 1990); _Jensen v. Comm'r of IRS_, 835 F.2d 196 (CA9 1987); _Scar v. Comm'r of IRS_, 814 F.2d 1363 (CA9 1987); _Benzvi v. Comm'r of IRS_, 787 F.2d 1541 (CA11 1986); _Maxfield v. U.S. Postal Service_, 752 F.2d 433 (1984); _Weimerskirch v. Comm'r of IRS_, 596 F.2d 358, 360 (CA9 1979); _Carson v. U.S._, 560 F.2d 693 (1977); _U.S. v. Janis_, 428 U.S. 433, 442 (1975); _Alexander v. "Americans United" Inc._, 416 U.S. 752, 758-770 (1973); _Pizzarello v. U.S._, 408 F.2d 579 (1969); _Terminal Wine_, 1 B.T.A. 697, 701-02 (1925); _Couzens_, 11 B.T.A. 1140, 1159, 1179.

# MEMORANDUM of POINTS & AUTHORITIES CONTD.

## B. STATUTES RELEVANT TO THIS COMPLAINT

### 1) 18 U.S.C. § 241. Conspiracy against rights.

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

### 2) 18 U.S.C. § 242. Deprivation of rights under color of law.

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

— End. —

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

Page 5 of 10

1

UNITED STATES BANKRUPTCY COURT

2

Central District of California
255 East Temple Street Room 940
Los Angeles (90012) California

3

4

Gary Olyn Armstrong one of We the People, his heir(s),
assign(s) and beneficiary(ies) as...

5

6

Plaintiff(s),

vs.

7

Internal Revenue Service, its principal(s), his/her/their
heir(s), successor(s), assign(s) and beneficiary(ies).

8

9

Douglas Shulman, Commissioner of the Internal Revenue
Service, his heir(s), beneficiary(ies) and assign(s).

10

Motion Picture Industry Pension & Individual Account
Plan, including Motion Picture Industry Pension &

11

Health Plans, its principal(s), his/her/their heir(s),
successor(s), beneficiaries and assign(s).

12

State of California Franchise Tax Board;

13

DOES 1-1000 and its, his/her/their principal(s), heir(s),

14

successor(s), assign(s) and beneficiary(ies).

15

ROES 1-1000 and its, his/her/their principal(s), heir(s),
successor(s), assign(s) and beneficiary(ies).

16

Each in their personal and official capacities as

17

Internal Revenue Service Agent(s) and or Employee(s)
thereof; and/or as employed by the Federal Treasury or

18

of a State branch of government,

19

Defendants.

---

Adversary Proceeding
Voluntary Petition
Chapter 7
Trial by Jury

Bk: 211-bk-35606
No.:211-ap-02358

Proposed Default Judgment
against:

Internal Revenue Service

---

20

This court after considering the defaults of the Internal Revenue Service and Douglas Shulman and hereby

21

grants Gary Olyn Armstrong the following relief:

22

1. Declaratory relief is as follows:

23

    a.  Gary Olyn Armstrong does not owe Internal Revenue Service any taxes for the years 1991

24

through 2011.

    b.  The Internal Revenue Service Notices of Lien and Notices of Levy for the years 1991 through

25

2011 are void ab nitio since no action was commenced before the statute of limitations ran; and, as
they are unsupported by any judgment(s) from a court of competent jurisdiction.

26

    c.  The Internal Revenue Service liens/notices of liens, levy/notices of levy for the years 1991

27

28

Gary Olyn Armstrong's default judgment.

through 2011 are void ab nitio since no action was commenced before the statute of limitations ran; and, as they are unsupported by any judgment(s) from a court of competent jurisdiction.

d. The Internal Revenue Service/FTB shall expunge within thirty days Liens, Notices of Lien(s) including Levy(ies), Notice of Levy(ies) from all county recorders office's in the several states or wherever the Internal Revenue Service has placed such in the records, including withdrawal and cancellation of any existing lien(iens), notice of lien(ies), levy(ies) or notice of levy(ies) that the IRS/FTB sent to any person holding plaintiff's money.

e. The Internal Revenue Service is guilty of abuse of process, unlawful tax collection or assistance thereof.

f. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of perjury of their respective oaths of office.

g. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of conspiring to deprive plaintiff of his right of due process.

h. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of gross negligence in their job capacities.

i. Douglas Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of unlawful taking of another's property.

j. Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of falsely preparing substitute returns.

k. Shulman, Ted Hanson, Corina Mullins, C. John Crawford are guilty of unjust enrichment.

l. Shulman, Ted Hanson, Corina Mullins, C. John Crawford and all other employees of the Internal Revenue Service are permanently enjoined from sending liens or notices of lien(s), levy or notice of levy to the MPIPHP or SSA or any other person or source where said person holds Gary Olyn Armstrong's property unless the Internal Revenue Service lien(s) or levy(ies) or notices thereof, are supported by a bona fide judgment issued from a court of competent jurisdiction.

2. Money Judgment relief is as follows:

a. The Internal Revenue Service is to return all sums of money to plaintiff that were taken from plaintiff without a court order, the sum one hundred eighty five thousand fifty nine dollars and

Gary Olyn Armstrong's default judgment.

seventy eight cents ($185,059.78) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

b.  The Internal Revenue Service is to pay plaintiff treble damages the sum five hundred fifty five thousand, one hundred seventy nine dollars and thirty four cents ($555,179.34) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

c.  The Internal Revenue Service is to pay plaintiff exemplary damages the sum one million dollars in gold or silver coin within thirty days of this order/judgment; and Douglas Shulman is to pay the sum one million dollars in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

d.  The Internal Revenue Service is to pay punitive damages the sum of one million dollars in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

e.  The Internal Revenue Service is to pay per count the sum one million each.  Total counts are ten multiplied by one million resulting in payment of ten million dollars in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

f.  The Internal Revenue Service is to pay costs the sum one hundred ninety three thousand nine hundred fifty four dollars and eighty six cents ($193,954.86) to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

g.  The Internal Revenue Service shall pay attorneys fees the sum of seventy five thousand dollars to plaintiff in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

3. Dismissal from Employment.  The court finds that:

    a.  Douglas Shulman,

    b.  C.  John Crawford,

    c.  Corina Mullins,

    d.  Ted Hanson,

    e.  Glen Coles,

    f.  Sandra Fleming,

    g.  D.  Frank,

    h.  William O'Neill,

---

Gary Olyn Armstrong's default judgment.

i. J. Scheline,

j. Susan Meredith,

k. Dorothea T. Curran,

l. Maureen Green,

employment activities with the Internal Revenue Service are terminated with prejudice, and all benefits that have accrued are declared null, void, and the above individuals are permanently enjoined from enjoying the benefits thereof and shall not collect, attempt to collect or receive any benefits that may have accrued due to their prior employment activities.

m. Each of the individuals or their estates shall individually repay plaintiff the sum fifty thousand dollars ($50,000.00) x 12 individuals equals the sum six hundred thousand dollars ($600,000.00) in gold or silver coin payable to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

n. The plaintiff has been defrauded by the Internal Revenue Service and Franchise Tax Board in their cooperation and their mutual failure to disclosure that plaintiff is not liable for an income tax. The Pension fund in cooperation with the Internal Revenue Service, the California Franchise Tax Board and have continually made trespass upon the plaintiff and his property.

4. Supplementary relief as the court deems fair and just, shall be the following:

_____

_____

5. The total amount due is ($13,424,080.20) $_____ to plaintiff, his heir(s) agent(s) or assign(s) within thirty days of this order/judgment.

6. This order/judgment is not subject to judicial review, interpretation or appeal.

IT IS SO ORDERED, ADJUDGED & DECREED this _____ day of July A.D. 2011.

_____
Judge of the United States Bankruptcy Court.

Gary Olyn Armstrong's default judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

Page 6 of  10

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gary Olyn Armstrong<br>8205 Santa Monica Blvd 1-412<br>Los Angeles, CA 90046<br><br><br>*Attorney for Plaintiff* Pro Se | **RECEIVED**<br>JUN 1 5 2011<br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Gary Olyn Armstrong | CHAPTER  7 |
|---|---|
| | CASE NUMBER  2:11-bk-35606BB |
| Debtor. | ADVERSARY NUMBER 2:11-ap-02358BB |
| Gary Olyn Armstrong                           Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs. | **SUMMONS AND NOTICE OF** |
| IRS; Doulgas Shulman; Motion Picture Industry Pension; FTB          Defendant(s). | **STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by  7/18/11 _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** 08/23/2011 | **Time:** 02:00 PM | **Courtroom:** 1475 | **Floor:** 14TH |
|---|---|---|---|
| ☒  **255 East Temple Street, Los Angeles** | | ☐  **411 West Fourth Street, Santa Ana** | |
| ☐  **21041 Burbank Boulevard, Woodland Hills** | | ☐  **1415 State Street, Santa Barbara** | |
| ☐  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance:  06/16/11 _____

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                                    **F 7004-1**

# EXHIBIT 4

Summons and Notice of Status Conference - *Page 2*                    **F 7004-1**

| In re<br>Gary Olyn Armstrong | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.: 2:11-bk-35606BB<br><br>2:11-ap-02358BB |
|---|---|---|

**NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. ~~My business~~ My address is:

8205 Santa Monica Blvd.-# 1-412
Los Angeles, California (90046)
A true and correct copy of the foregoing document described as <u>Chapter 7 Bankruptcy Petition</u> <u>and Adversary Complaint</u> will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

FILED

JUN 21 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On <u>June 21 2011</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Internal Revenue Service
7 Tabonuco Street
Guaynabo, Puerto Rico   00968

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

~~Internal Revenue Service~~
~~7 Tabonuco Street~~
~~Guaynabo, Puerto Rico   00968~~

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/21/11 | Que | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Summons and Notice of Status Conference  - *Page 2*                                    **F 7004-1**

| (SHORT TITLE) | CASE NO.: 2:11-bk-35606BB |
|---|---|
| In re<br>Gary Olyn Armstrong                                     Debtor(s). | 2:11-ap-02358BB |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

8205 Santa Monica Blvd.-# 1-412
Los Angeles, California (90046)         A proposed judgment was also
A true and correct copy of the foregoing document described as served via U.S. Mail on Defendant
listed below June 21, 2011, attached to the will be served or was served (a) on the judge
in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:Chapter 7
Bankruptcy Petition and the Adversary Complaint.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document.  On _____  I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:

> JUL 05 2011
>
> CLERK U.S. BANKRUPTCY COURT
> CENTRAL DISTRICT OF CALIFORNIA
> BY:                    Deputy Clerk

☐ Service Information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On June 21, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Internal Revenue Service
7 Tabonuco Street
Guaynabo, Puerto Rico  00968

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity
served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6/21/11                        hae
_____     _____     _____
Date                Type Name                Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                    **F 7004-1**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service
7 Tabonuco Street
Guaynabo, Puerto Rico
00968

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)  JOSE VELEZ     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)     8251 5770 2000 0522 6002

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Douglas Shulman,
Commissioner,
Internal Revenue Service
1111 Constitution Ave.N.W.
Washington, D.C. 20224

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
   Received by the
   Commissioner's Correspondence
   Office

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

JUN 2 8 2011

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540